JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant appeals the trial court classifying him as a sexual predator pursuant to R.C. 2950.09(B). For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} In September 1992, defendant pled guilty to an amended charge of attempted rape against an 11-year-old girl in violation of R.C. 2923.01 and R.C. 2907.02. He was sentenced to a term of eight to fifteen years. On January 28, 2003, defendant was returned from the Grafton Correctional Institution for a hearing to determine whether he should be classified as a sexual predator. At the hearing,[1] the trial court made the following statements and findings:
"There are several things that were said by both of you and things said in the psych. report that I think are very persuasive as far as my decision. First is the age of the victim, which is undisputed, and the pattern of the demonstrated abuse being over a period of time. In addition, the child was his stepdaughter. He was certainly in a position of trust with the child, an authority of the child. There also appears to be — and this has not been controverted by the Defense, a history of violence within the family including a prior domestic violence conviction against the mother of the child as well as the child's statements, uncontroverted, the Defendant administered harsh physical discipline and threatened her where she was afraid and impaired from talking about these instances.
In addition, what is very troubling to me is this Able Assessment, for what it might be worth, is inconsistent. It says, on the one hand, he has a high interest in adolescent females, Cognitive Distortion score, and later says he has no measured sexual interest in children. In addition it states, Defendant by his own words has given different rationalizations; she wanted it, she instigated, he had to say no, the charges were false. On one hand he denies responsibility, on the other hand he blames the victim. That is essentially troubling to this Court. He also refused to respond to a question regarding whether he engaged in professional [sic] sexual misconduct. He also stated that he engaged in child molestation beginning at age 32 ending at age 33 involving one victim on three occasions stating that he had absolute control over this type of behavior and it involved consent by each party. Which is very troubling to me that any defendant believes a child can give consent particularly to molestation. That is where he now says this victim is his stepdaughter. So he denies it, he accepts it, he is all over the place as far as rationalizing. The rationalizing of the behavior is very troubling to me. He also states none of his fantasy themes involve sexually touching a child but a few do. His credibility seems very low.
Due to that score he is considered to be high on the distortion score scale and may utilize justifications frequently endorsed by individuals who are sexually involved with children. Based upon the statement contained which is not in the summary but the offense summary in the PSI and Able Assessment, that seems to be a fair statement he is justifying sexual behavior with children.
The closing paragraph on Page 8 says Mr. Carpenter appears to have significant sexual interest. Although the adult female is certainly female, the adolescent is not. Based upon the demonstrated pattern of abuse, the indication he has a violent history, that he was in a position of trust with this child, the age of the victim, as well as the information contained in the Able Assessment as well as portions of the PSI that we are discussing, which is the non-summary and recommendation, the Court finds sexual predator classification is appropriate in this case and classifies Mr. Carpenter as a sexual predator."
Tr.17-20.
 {¶ 3} Defendant timely appeals the trial court's sexual predator determination. In his sole assignment of error, defendant asserts:
"The evidence was insufficient, as a matter of law, to prove by "clear and convincing evidence" that defendant-appellant "is likely to engage in the future in one or more sexually oriented offenses" as required by R.C. § 2950.09(b)(4)."
 {¶ 4} Defendant argues there was insufficient evidence for the court to adjudge him to be a sexual predator. To be classified as a sexual predator, the defendant must have been convicted of or pled guilty to committing a sexually oriented offense and must be "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The state must prove an offender is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(3); State v. Jones, 93 Ohio St.3d 391,2001-Ohio-1341, 754 N.E.2d 1252.
"Clear and convincing does not mean clear and unequivocal; rather, it refers to "that measure or degree of proof which will produce in the mind of the trier of the fact a firm belief or conviction as to the facts sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases." (Citation omitted). As a reviewing court, we must examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof."
State v. Wilson, Cuyahoga App. No. 81448, 2003-Ohio-4562, at 13, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118.
 {¶ 5} R.C. 2950.09(B)(3) requires the trial court to consider all relevant factors before classifying a defendant as a sexual predator. Some of the relevant factors include but are not limited to the following:
"(a) The offender's or delinquent child's age;
(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender or delinquent child;
(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 6} The trial court does not have to conduct a balancing test between all the factors listed in the statute. Instead, the court should weigh only those factors relevant to the matter at hand in making its determination of whether the defendant should be classified as a sexual predator. Wilson, supra.
 {¶ 7} In the case at bar, defendant pled guilty to attempted rape, which is a sexually oriented offense. At the hearing, the trial court found the following statutory factors determinative in showing defendant's propensity to reoffend in the future. The victim was only 11 years old; this finding comports with section (c) of the statute. As the victim's stepfather, the defendant occupied a position of trust and authority over the child, a finding satisfying section (j) of the statute. The pattern of sexual abuse occurred over an extended period of time, a factor described in section (h) of the statute. Defendant had one prior conviction for domestic violence, along with a history of other violent behavior towards the child and her mother, including threatening the child so she would keep quiet about the events of abuse. These findings correspond to sections (b), (h) and (i) of the statute. Defendant's failure to take responsibility for his actions, coupled with his lack of remorse and blaming the victim instead of himself; defendant's admission that he sometimes fantasizes about sexual touching with children; defendant's low credibility; and his rationalizations to justify sexual behavior with children — each of these findings corresponds to section (j) of the statute.
 {¶ 8} After considering the entirety of the evidence, we conclude the trial court correctly found clear and convincing evidence corresponding to five of the ten statutory factors. We find this evidence sufficient to show that defendant is a sexual predator. The trial court, therefore, did not err in making this determination. Defendant's sole assignment of error is overruled.
Judgment accordingly.
Frank D. Celebrezze, Jr., P.J., and John T. Patton*, J., Concur.
(*Sitting by assignment, Judge John T. Patton, Retired, of the Eighth District Court of Appeals.)
[1] Before the hearing, defendant was referred to the psychiatric clinic for an evaluation on December 12, 2002.