JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Christopher Cole ("Cole") appeals the trial court's determination classifying him a sexual predator. Finding merit to the appeal, we vacate the sexual predator classification and remand the case for a new hearing.
 {¶ 2} Cole was indicted on four counts of gross sexual imposition and one count of rape. The victims were two females who were sisters, ages seven and nine years old. Cole pled guilty to two counts of gross sexual imposition. At the time of his sentencing, the court conducted a sexual predator hearing pursuant to R.C. 2950, et. seq. and classified him a sexual predator. Cole appeals the classification, claiming that he had no notice of the hearing, that there was insufficient evidence to support the classification, and the court failed to articulate on the record the factors set forth in R.C. 2950.09.
 Notice {¶ 3} In his first assignment of error, Cole argues that the trial court committed reversible error because it did not give him actual notice that it would be conducting a sexual predator hearing at the time of sentencing.
 {¶ 4} R.C. 2950.09(B)(1) states in relevant part:
"* * * The court shall give the offender and the prosecutor whoprosecuted the offender for the sexually oriented offense notice of thedate, time, and location of the hearing * * *"
 {¶ 5} Notice under this statute may be oral or in writing. Statev. Gowdy (1999), 88 Ohio St.3d 387, 398. The statute further requires that at the hearing the offender shall have an opportunity to testify, present evidence, and call and examine witnesses regarding the determination as to whether the offender is a sexual predator. R.C.2950.09(B)(2).
 {¶ 6} Cole argues he never received notice that the sexual predator hearing would take place on December 18, 2002 because at the time of the plea hearing the prosecutor was undecided as to whether she would pursue a sexual predator determination.
 {¶ 7} However, R.C. 2950.09 contains no requirement that the prosecutor inform a defendant that the State is seeking a sexual predator designation. Rather, the statute specifically mandates that the court hold a hearing and provide notice of the date, time, and location of the hearing. R.C. 2950.09; Gowdy, supra.
 {¶ 8} The record indicates that the court informed Cole of the requirement that a sexual predator hearing be held if he entered a guilty plea. Specifically, the court advised:
"There's also the House Bill 180 addition to this plea. If you pleadguilty to the charge of gross sexual imposition, do you understand thatthe Court will be required to hold a hearing to determine whether you area sexual predator, a habitual sexual offender or a sexually orientedoffender."
 {¶ 9} The court also provided Cole with notice that the sexual predator classification hearing would be held at the time of his sentencing. The court stated:
"There's also been discussion with the defense attorney regarding theclassification hearing that would have to be held at the time ofsentencing, and the defense has been put on notice that the State mayseek the predator label at the time of sentence."
 {¶ 10} Further, defense counsel acknowledged that he had discussed with Cole that "as a result of the nature of the allegations, he'll at the very least be labeled a sex offender, and he understands the implications of that."
 {¶ 11} At the time of the classification hearing, Cole presented a letter from North Coast Family Foundation that opined that Cole would not reoffend and was not a pedophile. Cole also offered the testimony of a psychologist assistant, who stated he did not believe Cole was a pedophile. Thus, Cole had an opportunity to present evidence at the classification hearing. Therefore, based on the record before us, we find Cole was provided notice of the sexual predator hearing as required by R.C. 2950.09. Accordingly, the first assignment of error is overruled.
 Insufficient Evidence of Likelihood to Reoffend {¶ 12} In his second assignment of error, Cole argues there was insufficient evidence to prove by clear and convincing evidence that Cole was likely to engage in one or more sexually oriented offenses in the future.
 {¶ 13} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). Before adjudicating the offender as a sexual predator, the trial court must determine by clear and convincing evidence that the offender is a sexual predator; i.e. that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.09(C)(2)(b).
 {¶ 14} "The trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." State v. Eppinger
(2001), 91 Ohio St.3d 158, 166. Thus, the trial court must weigh all the relevant factors, including an offender's efforts at rehabilitation, when determining whether an offender is likely to engage in future sexually oriented offenses. R.C. 2950.09(B)(2)(f).
In making a sexual predator determination, the trial court mustconsider all relevant factors, including, but not limited to: (a) theoffender's age; (b) the offender's prior criminal record; (c) the age ofthe victim; (d) whether the sexually oriented offense for which sentencewas imposed involved multiple victims; (e) whether the offender useddrugs or alcohol to impair the victim or to prevent the victim fromresisting; (f) whether the offender has completed his sentence for anyprior criminal conviction or, if the prior offense was a sex offense or asexually oriented offense, whether the offender participated in availableprograms for sexual offenders; (g) any mental illness or mental disabilityof the offender; (h) the nature of the offender's conduct and whetherthat conduct was part of a demonstrated pattern of abuse; (i) whether theoffender displayed cruelty or made one or more threats of cruelty duringthe commission of the crime; and (j) any additional behavioralcharacteristics that contributed to the offender's conduct. See R.C.2950.09(B)(2)(a) through (j).
 {¶ 15} R.C. 2950.09(B)(2) does not require that the trial court list or satisfy each of these factors in order to make a sexual predator determination. It simply requires that the trial court consider all factors which are relevant to its determination. State v. Cook (1998),83 Ohio St.3d 404, 426; State v. Ivery, Cuyahoga App. No. 72911, 1999 Ohio App. LEXIS 528, citing State v. Tracy, Summit App. No. 18623, 1998 Ohio App. LEXIS 2200.
 {¶ 16} R.C. 2950.09(B)(3) further states:
"After reviewing all testimony and evidence presented at the hearingconducted under division (B)(1) of this section and the factors specifiedin division (B)(2) of this section, the judge shall determine by clearand convincing evidence whether the offender is a sexual predator. * * *If the judge determines by clear and convincing evidence that theoffender is a sexual predator, the judge shall specify in the offender'ssentence and the judgment of conviction that contains the sentence thatthe judge has determined that the offender is a sexual predator and shallspecify that the determination was pursuant to division (B) of thissection. * * *"
 {¶ 17} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v.Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford
(1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere `preponderance of the evidence,'" it does not rise to the level of evidence "beyond a reasonable doubt." Id.
 {¶ 18} The record in the instant case demonstrates that Cole, who was in his mid-thirties, was involved in a relationship with the victims' aunt. The victims were seven and nine years old. When Cole's relationship with their aunt ended, he remained a family friend and took the children shopping and to the movies. During this time, he engaged in a repeated course of inappropriate sexual conduct with these children.
 {¶ 19} After Cole was arrested, he claimed the children were "obsessed" with him. According to the presentence investigation report, which was stipulated to by the parties, Cole admitted that he committed the offenses.
 {¶ 20} The defense presented the testimony of Cole's counselor who testified that in his professional opinion, Cole was not a pedophile and was not likely to engage in one or more sexually oriented offenses in the future. The defense also indicated that Cole had no history of sex offenses and no prior felony offenses.
 {¶ 21} Nonetheless, we find the undisputed evidence meets the criteria necessary for a sexual predator classification. The fact that there were multiple victims meets the criterion outlined in R.C.2950.09(B)(3)(d). The fact that the victims were ages seven and nine meets the criterion in R.C. 2950.09(B)(3)(c). The fact that the abuse was repeated over a period of time and that Cole was a family friend entrusted with the care of these children meets the criterion in R.C.2950.09(B)(3)(h). The fact that Cole sent a letter to the family indicating the girls were "obsessed" with him relates directly to the language of R.C. 2950.09(B)(3)(j).
 {¶ 22} Further, Cole's argument that the trial court could not use the instant offenses and resulting convictions as the basis for the determination that Cole is a sexual predator has been expressly rejected by this court. In State v. Ward (1999), 130 Ohio App.3d 551, this court "emphasized its disagreement in principle with any argument that an offender's prior convictions, standing alone, cannot be clear and convincing evidence that an offender is likely to engage in the future in one or more sexually oriented offenses as required by R.C. 2950.09(B)(3)."
 {¶ 23} Moreover, the Rules of Evidence do not strictly apply to sexual predator hearings. State v. Cook (1998), 83 Ohio St.3d 404. There is, therefore, no provision under the Rules of Evidence, such as Evid.R. 609, or Evid.R. 404(B), to prohibit the court from considering a prior conviction or prior bad act in determining whether an offender is a sexual predator. This is because past behavior is often an important indicator of future propensity. See Kansas v. Hendricks (1997),521 U.S. 346, 358, quoting Heller v. Doe (1993), 509 U.S. 312, 323.
 {¶ 24} Based on the evidence before us, we find sufficient evidence to support the court's sexual predator determination.
 {¶ 25} Accordingly, the second assignment of error is overruled.
 Placing Relevant Factors on the Record {¶ 26} In his third assignment of error, Cole argues that the trial court erred in determining he was a sexual predator without placing on the record any of the relevant factors enumerated in R.C. 2950.09(B)(2). In State v. Burke, Franklin App. No. 00AP-54, 2000 Ohio App. Lexis 4256, the Court held:
"The statute makes it mandatory that the court consider the factorslisted in R.C. 2950.09(B)(2). Although a court is under no obligation to`tally up' or list the R.C. 2950.09(B)(2) factors in any particularfashion, State v. Mollohan (Aug. 19, 1999), 1999 Ohio App. LEXIS 3980,Washington App. No. 98CA13, unreported, in order to assure that the trialcourt indeed considered such factors for the purposes of appellatereview, some indication in the record is necessary. * * *"
 {¶ 27} Further, the Ohio Supreme Court has stated that in a hearing to determine sexual predator status, "the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." State v.Eppinger (2001), 91 Ohio St.3d 158, 166. Failure to make such a record is reversible error. Id.
 {¶ 28} In the present case, the court never mentioned the factors upon which it based its sexual predator determination. Even the State concedes the record may not properly contain the court's reasons for adjudicating Cole a sexual predator and the State asks that, if the judgment is vacated, the case be remanded for the sole purpose of allowing the trial court to state its reasons on the record. Therefore, because the record does not contain the court's reasons or considerations for determining that Cole is a sexual predator, the third assignment of error is sustained.
 {¶ 29} Accordingly, we vacate the sexual predator classification and remand the case for another sexual predator hearing.
Anne L. Kilbane, P.J. concurs;
Sean C. Gallagher, J. Concurs in part and Dissents in part (see separate Concurring and Dissenting Opinion).