JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Donald Morrow, appeals the trial court's determination that he is a sexual predator pursuant to R.C. 2950.09. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} In 1987, defendant was found guilty on ten counts of rape in violation of R.C. 2907.02. Defendant was convicted of raping two female victims under the age of thirteen. One of the victims was defendant's daughter, whom he raped on different occasions when she was five and six years old. The other victim was defendant's step-daughter, whom defendant repeatedly raped when she was between six and eight. Defendant was sentenced to ten concurrent life sentences.
 {¶ 3} In March, 2003, at the state's request, the trial court conducted a hearing to determine whether defendant should be classified as a sexual predator. During the hearing, the state presented testimony from defendant's adult son. The son testified that defendant sexually abused him when he was six, seven, and eight years old. The son stated defendant performed oral and anal sex on him and also made him commit acts of oral sex upon defendant. He testified defendant made him and his stepsister, when they were both eight and six years old, "have sex in front of him with each other."
 {¶ 4} The state called defendant's daughter, who testified that defendant sexually abused her when she was aged five and six. She told the court that defendant "put his penis in me" and threatened to kill her if she told her mother.
 {¶ 5} Dr. Michael Aronoff, a psychologist with the Court Psychiatric Clinic, testified that defendant was evaluated for recidivism and that he scored in the low to medium risk category. The doctor further explained, however, that one of the tests, the Static 99, can deal with only one offense and one victim. Dr. Aronoff testified that if the test could differentiate between multiple offenses and multiple victims, defendant would have scored as a higher risk. The doctor also noted that defendant did not complete any sex offender rehabilitation classes while in prison.
 {¶ 6} In addition to the testimony of witnesses, the trial court also considered defendant's pre-sentence investigation report along with his inmate file from the Ohio Department of Rehabilitation and Corrections.
 {¶ 7} Three days after the hearing was concluded, the trial court adjudicated defendant to be a sexual offender pursuant to R.C. 2950.09. Defendant timely appeals this designation. For his sole assignment of error, defendant asserts:
 {¶ 8} The trial court erred in determining that the defendant is a sexual predator as the state failed to produce sufficient evidence as to the defendant's likelihood of committing a sexually oriented offense in the future.
 {¶ 9} Defendant argues the trial court erred in adjudicating him to be a sexual predator because the state failed to present enough evidence to show he was likely to commit future sexually oriented offenses.
 {¶ 10} In order to be classified as a sexual predator, a defendant must have been convicted of or pled guilty to committing a sexually oriented offense. Further, the state "must prove by clear and convincing evidence that the offender is `likely to engage in the future in one or more sexually oriented offenses.'" State v. Eppinger, 91 Ohio St.3d 158,163, 743 N.E.2d 881, 2001-Ohio-247 citing R.C. 2950.01(E) and2950.09(B)(3); State v. Carpenter, Cuyahoga App. No. 82564, 2003-Ohio-5814.
 {¶ 11} Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
 {¶ 12} Id., citing Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118, 123.
 {¶ 13} In determining whether an offender is a sexual predator, the statute, R.C. 2950.09(B)(2) provides the "judge shall consider relevant factors, including, but not limited to, all of the following":
 {¶ 14} The offender's age;
 {¶ 15} The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 16} The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 17} Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 18} Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 19} If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 20} Any mental illness or mental disability of the offender;
 {¶ 21} The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 22} Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 23} Any additional behavioral characteristics that contribute to the offender's conduct.
 {¶ 24} The factors listed in the statute are guidelines. A trial court considers the factors set forth in R.C. 2950.09(B)(2) on a case by case basis. State v. Grahek, Cuyahoga App. No. 81443, 2003-Ohio-2650, at ¶ 73.
 {¶ 25} In determining whether someone is a sexual predator, the trial court should explain on the record what evidence and statutory factors it is relying upon in making its determination that he will re-offend. Id. On appeal, this court must decide whether the record supports the trial court's determination by clear and convincing evidence that defendant is likely to commit sexually oriented offenses in the future.
 {¶ 26} In the case at bar, defendant was convicted of rape, a sexually oriented offense pursuant to R.C. 2950.01(D)(1). After the hearing, the trial court made the following findings:
 {¶ 27} * * * The Court has had the opportunity to review the law and evidence as submitted here in court and hereby finds as follows; that the various rapes for which the Defendant was convicted, against his children, were between thirty-five and forty years old; that prior to the case in question, he was convicted of the offenses of assault and battery and passing bad checks and was arrested but not convicted of the offenses of non-support and obstruction of official business; that the victims during these periods of time, that were found to have been raped by the Defendant, were between the ages of six and eight years old and that there are two victims.
 {¶ 28} Defendant has not completed the program for sexual offenders, although the evidence indicates that he was accepted into such a program and institution; that in this courtroom, each of the victims, again, the natural children of the Defendant, testified in court on Monday, the 3rd, that they had been repeatedly orally and anally violated by the Defendant, which testimony demonstrates Court's view of abuse; [the victim], indicating the Defendant had attempted to molest her in 1982 at a time that she was then five years old.
 {¶ 29} Moreover, the Court finds that the female victim testified credibly that in 1987, the Defendant threatened to kill her if she told her mother of the abuse.
 {¶ 30} Based on the foregoing factual findings, the Court finds by clear and convincing evidence that Donald Morrow is a sexual predator, likely to reoffend, as defined, again, in Ohio Revised Code Section2950.09.
 {¶ 31} The trial court's findings correspond to seven of the ten factors listed in R.C. 2950.09: defendant had been convicted of prior offenses (b); the victims were under the age of thirteen (c); there were two victims (d); defendant had not participated in any rehabilitation program for sexual offenders while in prison (f); the victims had been subjected to a pattern of abuse (h); defendant had threatened to kill his daughter if she told her mother about the abuse (i); and the victims were his children (j).
 {¶ 32} Defendant argues that "[o]nly one witness was presented by the state as to whether or not Mr. Morrow was likely to re-offend sexually in the future and that was Dr. Aronoff." Defendant ignores, however, that there were two additional witnesses who provided the court with facts from which the court could infer a likelihood defendant would re-offend. Defendant misses the point of the nine different factors listed in the statute. No court of law has a crystal ball to predict whether a person will re-offend sexually in the future. The statute's non-exhaustive list of relevant factors, however, is a guideline for inferring likelihood of re-offending.
 {¶ 33} The record before this court provided clear and convincing evidence, consistent with those guidelines, upon which to classify defendant as a sexual predator. The trial court, therefore, did not err in making this determination. Defendant's sole assignment of error is overruled.
Judgment accordingly.
Frank D. Celebrezze, Jr., P.J., and Sean C. Gallagher, J., concur.