JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Patrick Skaggs ("Skaggs") appeals from the determination of the Cuyahoga County Court of Common Pleas classifying him as a sexual predator. For the reasons adduced below, we affirm.
 {¶ 2} The following facts give rise to this appeal. On April 25, 1984, Skaggs pled guilty to a charge of rape. He was sentenced to a term of incarceration of 8 to 25 years. The sentence was to run consecutive with a ½ year sentence imposed upon Skaggs in another case for charges of grand theft motor vehicle and felonious assault.
 {¶ 3} On October 21, 2003, upon recommendation from the Department of Rehabilitation and Corrections that Skaggs be classified as a sexual predator, the trial court conducted a hearing pursuant to R.C. 2950.09(C). At the hearing, the state indicated that the court psychiatric clinic's Static 99 evaluation rated Skaggs with a score of 4, which indicates a moderate to high risk to reoffend. The court psychiatric clinic also did a Minnesota test, which is based on self-reporting, that placed Skaggs in a low-risk category.
 {¶ 4} The state also introduced victim and witness statements that were made to the police. This evidence revealed that the victim in the case was a seventeen-year-old female and Skaggs' former girlfriend. After they had ended their relationship, Skaggs began harassing the victim. Skaggs was sent to a workhouse because of the harassment, but when released he continued his harassment of the victim. On November 23, 2003, Skaggs broke into the victim's home, grabbed her, hit her, pulled her out of the home, and forced her into a vacant house where he made her get on her hands and knees and brutally raped her anally. Skaggs also fractured the victim's nose and caused the side of her head to become black and blue.
 {¶ 5} Also admitted into evidence was the presentence investigation report, the 2003 court psychiatric clinic evaluation, and a penal institutional record. Skaggs' criminal record included charges for drunkenness and two arrests for DWI. Skaggs was also charged with criminal action against school property and criminal trespass.
 {¶ 6} The 2003 court psychiatric evaluation indicated that beginning at about the age of 12, Skaggs would leave home for periods of time while "on the run" from Children's Protective Services and would engage in stealing. Skaggs also was involved in an incident where, at the age of 11, he blackmailed his brothers into allowing him to have sex with their girlfriends. Skaggs began getting in fights at the age of 8, and fought a lot as a child, including fights with adult men. Skaggs began dating the victim when he was aged 22 and the victim was aged 16. The evaluation further indicated that the parole board recommended that Skaggs participate in a sexual offender treatment program but that Skaggs was kicked out of the program after two weeks for again being placed in disciplinary segregation. Skaggs reported that he had never received any psychiatric care. Skaggs did not complete any other sex offender program. When asked about previous arrests for sexual offenses, Skaggs admitted he was charged with "rape or statutory rape," but claimed he was found not guilty or the case was dismissed. The evaluation also reflected that Skaggs presented with a history of traits and behaviors characteristic of antisocial personality disorder.
 {¶ 7} The state also referred to a 1993 psychological evaluation of Skaggs. Skaggs objected to the use of this evaluation, which was contained within the House Bill 180 packet from the institution. During this evaluation, Skaggs commented about the rape, stating that "I told her I'd show her what rape was." Skaggs also indicated that he was angry and therefore forced her to have sex by raping her. The evaluation also indicated that the felonious assault charge that Skaggs was charged with involved having a stolen truck, being pursued by police, and crashing into a police car. There were also numerous disciplinary violations during Skaggs' incarceration listed in the evaluation, including, among others, several instances of threats, disobedience, disrespect, and fighting, along with ten instances of masturbation.
 {¶ 8} After the introduction of the above evidence, the state also reviewed the risk factors present and stated its belief that there was clear and convincing evidence that Skaggs was likely to reoffend.
 {¶ 9} Defense counsel argued that there were factors which mitigated against a finding that Skaggs was likely to reoffend, including that the incident occurred 20 years ago, Skaggs was now aged 43 and had served 20 years in prison, there were no drugs or alcohol used to impair the victim, there was no mental illness or disability as it related to the victim, and Skaggs had a positive relationship with his mother.
 {¶ 10} After considering the evidence presented, the trial court found Skaggs to be a sexual predator. Skaggs appeals this determination, raising one assignment of error for our review, which provides:
 {¶ 11} "Assignment of error I: The court erred to the prejudice of the defendant when it allowed the State to rely solely upon hearsay documentary evidence and accepted as evidence unsworn statements by the prosecutor."
 {¶ 12} A sexual predator is defined by R.C. 2950.01(E) as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must determine, by clear and convincing evidence, that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(B)(4). Clear and convincing evidence is that evidence which establishes in the mind of the trier of fact a firm belief or conviction as to the facts sought to be proved.Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 13} In making this determination, the trial court must consider all relevant factors, including, but not limited to, the following: (a) the offender's age; (b) the offender's prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (f) if the offender previously had been convicted of or pleaded guilty to a criminal offense, if the offender completed the sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim and whether the conduct was part of a demonstrated pattern of abuse; (i) whether the offender, during the commission of the offense, displayed cruelty or threatened cruelty; and (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 14} R.C. 2950(B)(3) does not require that the trial court list or satisfy each of these factors in order to make a sexual predator determination. State v. Cook, 83 Ohio St.3d 404, 426,1998-Ohio-291. It simply requires that the trial court consider all factors which are relevant to its determination. Id. Although the court need not "tally up" or list all the factors in a specific fashion, some indication that the trial court considered such factors must be on the record in order for a meaningful review by the appellate court. State v. Cole, Cuyahoga App. No. 82338, 2003-Ohio-7061.
 {¶ 15} In this case, the transcript reflects the trial court considered the statutory factors and other relevant factors. The court stated as follows:
{¶ 16} "[T]he court finds that the Defendant has never beenmarried and has never resided with a significant other for atleast two years. The Court does find that the victim of thecurrent offense was not related to the Defendant and was of theage of 17. The Court further finds that the Defendant doespresent with a history of traits and behaviors characteristic ofa sexual disorder. The Court does find that the Defendant has twooffenses of felonious assault. The Court does find that theDefendant has not participated in any sexual counseling courses.The Court does find he actually was engaged in one course and wasterminated from the prison-based sexual offender treatmentbecause of placement in disciplinary segregation.
 {¶ 17} "The court further finds that the Defendant reportshaving no deviant sexual preferences and that there is nodocumentation of such. And the Court does further find that theDefendant does report that he had a positive relationship withhis mother.
 {¶ 18} "When the Court considers Mr. Skaggs' prison record andthe information that the Court has with reference to his behaviorin prison, the court does find that the Defendant has receivedClass 2 violations on the following: stealing two times,violation of mail rules, masturbation 10 times * * *, thatthere's been a violation for a charge of dealing, refusing toaccept an assignment four times, theft two times, intoxicatingsubstance eight times. * * * Disobedience five times, out ofplace two times, consensual physical contact for sexualgratification one time * * *, and lying.
 {¶ 19} "The Court further considers that in 1991 the Defendantreceived a placement in a local control for violations thatinclude his masturbating while in the infirmary area and hisbeing out of place and allegedly exposing himself to femalestaff. Mr. Skaggs denied that the first occurred and explainedthat his exposing himself was accidental. Also documented in thisreport is the following: There are also two instances ofmasturbating while in his cell but in view of a nurse in oneinstance and a female tower officer in another instance. He hasalso received conduct reports for disrespect that involve writtenand verbal inappropriate sexual comments. When asked about themultiple tickets for masturbation, the Defendant stated that henever masturbated in front of or near female corrections staff.He stated that the officers made false allegations against him inorder to have him placed in disciplinary segregation and to havea bad effect on his possible parole.
 {¶ 20} "The Court further considers when the Court considersits anti-social personality disorder, the Court does considerthat he has been impulsive and aggressive, that there is clearevidence of the Defendant having a conduct disorder prior to age15 as demonstrated by truancy, lying, running away andinvolvement in several theft offenses.
 {¶ 21} "When the Court considers his disciplinary history inprison, as well as his chemical dependency, which has also been aproblem for him, and his sexual offender treatment whileincarcerated was recommended but terminated due to disciplinaryaction, and age of the offender at the time of his release to be31 or older, the court does find him to be a predator * * *."
 {¶ 22} While the court is not required to list or satisfy each of the factors in order to make a sexual predator finding, these findings indicate many of the statutory factors are present and satisfied. The statute's non-exhaustive list of relevant factors is a guideline for inferring likelihood of reoffending.State v. Morrow, Cuyahoga App. No. 82743, 2004-Ohio-498.
 {¶ 23} Skaggs argues in his assigned error that the trial court erred in allowing the state to rely solely upon hearsay documentary evidence and accepting unsworn statements by the prosecutor. We do not agree. The statements made by the prosecutor in this action were to identify relevant portions of the record for the trial court's review. As we have previously stated, "[i]n a model sexual predator determination hearing, the prosecutor and defense counsel would take care to identify on the record those portions of the trial transcript, victim impact statements, pre-sentence report and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)[3] and are probative of the second prong of R.C. 2950.01(E)." State v. Ferrell (Mar. 18, 1999), Cuyahoga App. No. 72732. Moreover, the trial court may consider any number of these sources in making its determination. See State v. Axson, Cuyahoga App. No. 81231, 2003-Ohio-2182.
 {¶ 24} Insofar as the trial court relied upon hearsay information in making its determination, it is well settled that the rules of evidence do not strictly apply in a sexual predator determination hearing. State v. Cook (1998), 83 Ohio St.3d 404,425; State v. Estergall, Cuyahoga App. No. 80440, 2002-Ohio-5560. Reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge.Cook, 83 Ohio St.3d at 425.
 {¶ 25} Given that the record contains clear and convincing evidence to support the trial court's decision to classify Skaggs as a sexual predator and reflects that the trial court sufficiently considered the factors pertinent to the facts of this case, we find Skaggs' assigned error to be without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Blackmon, J., concur.