JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Herbert Hinton ("Hinton") appeals from the decision of the Cuyahoga County Court of Common Pleas that labeled Hinton a sexual predator and sentenced him to two one-year terms of imprisonment to run consecutively. Finding error in the proceedings below, we affirm in part and reverse in part and remand for resentencing.
 {¶ 2} The following facts give rise to this appeal. On August 5, 2001, Hinton was arrested and charged with gross sexual imposition, arising from an incident involving his older sister's best friend. After speaking with police, Hinton was released on bail, and the case was referred to the grand jury.
 {¶ 3} On August 13, 2001, Hinton was arrested and charged with unlawful sexual conduct with a minor, arising out of an incident involving his fifteen-year-old sister. The case was referred to the grand jury.
 {¶ 4} On August 23, 2001, Hinton was indicted under CR-411582 for the incident involving his younger sister and charged with one count of unlawful sexual conduct with a minor, two counts of gross sexual imposition, and one count of sexual battery. Then, on September 12, 2001, Hinton was indicted under CR-413534 for the incident involving his older sister's best friend and charged with gross sexual imposition.
 {¶ 5} Hinton was arraigned in both cases; however, he was capiased for more than a year, during which he was convicted and served a term of imprisonment in Montgomery, Alabama. Hinton was returned to Cuyahoga County to face his pending charges. On February 4, 2004, Hinton pled guilty to unlawful sexual conduct with a minor in CR-411582 and gross sexual imposition in CR-413534. Both charges were fourth degree felonies. The remaining counts were dismissed.
 {¶ 6} At the plea hearing, Hinton was advised that the cases would be set for a sexual predator hearing prior to sentencing. Hinton was told that the court would consider community control sanctions if he stayed away from the victims and did not use any illicit drugs. He was warned that failure to follow the court's order could result in the imposition of maximum consecutive sentences.
 {¶ 7} On March 16, 2004, the court held a sexual predator hearing in both cases, wherein the state introduced thirteen exhibits, including the presentence investigation report and police reports from his arrests in Alabama, which were admitted over the objection of defense counsel. After hearing from both sides and reviewing the state's exhibits, the court found Hinton to be a sexual predator.
 {¶ 8} At the sentencing hearing, the court sentenced Hinton to one year on each case to be served consecutively.
 {¶ 9} Hinton timely appeals, advancing four assignments of error for our review.
 {¶ 10} "I. Whether the trial court improperly considered uncharged acts as aggravating factors at sentencing and, therefore, deprived Mr. Hinton of his right to the presumption of innocence and due process as guaranteed by the Fifth and Fourteenth Amendment[s] to the United States Constitution."
 {¶ 11} Hinton argues that the trial court improperly considered other arrests when the disposition of those cases was unknown. Further, Hinton argues that the court considered these arrests as aggravating factors for sentencing, without the benefit of a jury finding, in violation ofBlakely v. Washington (2004), 124 S.Ct. 2531.
 {¶ 12} First, we note that the Rules of Evidence do not apply in sentencing hearings, and the judge may consider any reliable evidence in the record. Evid.R. 101(C); State v. Cook (1998), 83 Ohio St.3d 404, 425. Second, "it is well-established that a sentencing court may weigh such factors as arrests for other crimes. As noted by the Second Circuit United States Court of Appeals, the function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant: `To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions.'United States v. Doyle (C.A. 1965), 348 F.2d 715, 721, certiorari denied382 U.S. 843 (1965); United States v. Metz (C.A. 3, 1972), 470 F.2d 1140, certiorari denied 411 U.S. 919 (1973)." State v. Burton (1977),52 Ohio St.2d 21, 23; see, also, City of Maple Heights v. Dickard
(1986), 31 Ohio App.3d 68, 71.
 {¶ 13} Here, the trial court focused on the two arrests in which police reports were introduced into evidence. Therefore, the trial court did not err when it considered Hinton's prior arrests, because there was reliable evidence in the record.
 {¶ 14} Hinton's reliance on City of Cleveland Heights v. Seastead
(Oct. 12, 1995), Cuyahoga App. No. 68875, is misplaced. Seastead dealt with the imposition of a maximum sentence for a misdemeanor conviction where the defendant's only prior conviction was for shoplifting. At sentencing, the court in Seastead improperly considered the dismissed "menacing by stalking" charge, which was related to a criminal trespassing offense. It was clear that the trial court in Seastead was attempting to sentence the defendant for an offense that was dismissed during the plea negotiations. No such factors exist in this case.
 {¶ 15} Likewise, Hinton's reliance on State v. Russo (May 31, 2001), Cuyahoga App. No. 78096, and State v. Smith (Aug. 3, 2000), Cuyahoga App. No. 76919, are also misplaced. These cases dealt with circumstances in which a trial court sentenced for an offense more serious than what was charged. "It is well established that a trial court may not impose a greater sentence upon an offender because of its belief that the offender committed a more serious offense than that for which he has been convicted." Russo, supra. Here, the trial court did not impose the maximum penalty and properly sentenced within the range for the offenses charged.
 {¶ 16} Further, we decline to apply Blakely to this assignment of error. There is no assertion here that the trial court's consideration of prior uncharged arrests was specifically related to a judicial finding that enhanced a sentence beyond the statutory maximum sentence. Here, the trial court imposed two one-year sentences, which were both within the statutorily prescribed sentence of six to eighteen months authorized for a felony of the fourth degree.
 {¶ 17} Hinton's first assignment of error is overruled.
 {¶ 18} "II. Whether the trial court erred by considering improper factors in making its sexual predator determination."
 {¶ 19} Again, Hinton argues that the court's determination that he is a sexual predator was based on improper evidence. Specifically, Hinton argues that the trial court based its decision on arrests without the benefit of knowing the disposition of each arrest. Hinton further argues the Rules of Evidence should apply in a sexual predator hearing.
 {¶ 20} As we have previously stated, "in a model sexual predator determination hearing, the prosecutor and defense counsel would take care to identify on the record those portions of the trial transcript, victim impact statements, presentence report and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)[3] and are probative of the second prong of R.C. 2950.01(E)." State v. Skaggs, Cuyahoga App. No. 83830, 2004-Ohio-4471, quoting State v. Ferrell (Mar. 18, 1999), Cuyahoga App. No. 72732. Moreover, the trial court may consider any number of these sources in making its determination. Id. See, also, State v. Axson, Cuyahoga App. No. 81231, 2003-Ohio-2182.
 {¶ 21} Insofar as the trial court relied upon hearsay information in making its determination, it is well settled that the Rules of Evidence do not strictly apply in a sexual predator determination hearing. Statev. Cook (1998), 83 Ohio St.3d 404, 425, 1998-Ohio-291; State v.Estergall, Cuyahoga App. No. 80440, 2002-Ohio-5560. Reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge. Cook, 83 Ohio St.3d at 425.
 {¶ 22} Here, Hinton complains about his previous arrests being considered at his sexual predator hearing. These arrests are pertinent aspects of Hinton's criminal and social history that relate to the factors set forth in R.C. 2950.09(B)(3). Furthermore, the details of the arrests were contained in the police reports submitted by the state, which is reliable hearsay, much like a presentence investigation report.
 {¶ 23} Given that the record contains clear and convincing evidence to support the trial court's decision to classify Hinton as a sexual predator and reflects that the trial court sufficiently considered the factors pertinent to the facts of this case and relied on properly admitted evidence, we find Hinton's assigned error to be without merit.
 {¶ 24} "III. Whether the sentence imposed against Mr. Hinton, which involved sentencing enhancements not found by a jury, is unconstitutional under the holding of the United States Supreme Court in Blakely v.Washington (2004), 124 S.Ct. 2531."
 {¶ 25} "IV. Whether the trial court erred by imposing consecutive sentences when it failed to make findings required by R.C. 2929.14(E)(4) with reasons in support thereof."
 {¶ 26} We will address these assignments of error together as they require us to determine whether the Blakely decision and the U.S. Supreme Court's subsequent decision in United States v. Booker (2005),125 S.Ct. 738, impact the imposition of consecutive sentences under R.C. 2929.14(E)(4)and 2929.19(B)(2)(b).
 {¶ 27} This court has addressed this question in an en banc conference and decision in State v. Lett, Cuyahoga App. Nos. 84707 and 84729,2005-Ohio-2665, finding that Blakely and Booker are not applicable to consecutive sentences under Ohio's sentencing statutes. The court essentially held that as long as the sentences imposed for each crime comport with the Sixth Amendment, the manner in which the sentences are served (concurrently or consecutively) does not give rise to the constitutional concerns articulated in Apprendi v. New Jersey (2000),530 U.S. 466, Blakely, and Booker. Because the court has determined under the en banc procedure that consecutive sentences are not impacted byApprendi, Blakely, and Booker, I am bound by that decision and analyze this case under the existing Ohio statutory requirements.[1]
 {¶ 28} In Ohio, a trial court may impose consecutive sentences on a defendant only after making specific findings outlined under R.C.2929.14(E)(4). R.C. 2929.14(E)(4) provides that a trial court may impose consecutive sentences only when it concludes that the sentence is "(1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction, or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime." State v. Stadmire, Cuyahoga App. No. 81188, 2003-Ohio-873.
 {¶ 29} In addition, R.C. 2929.19(B)(2) provides that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 30} Thus, a trial court is required to make at least three findings under R.C. 2929.14(E)(4) prior to sentencing an offender to consecutive sentences and must give its reasons for imposing consecutive sentences pursuant to R.C. 2929.19(B)(2)(c). Stadmire, supra; see, also, State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-463.
A trial court's failure to sufficiently state its reasons on the record constitutes reversible error. Id.
 {¶ 31} These findings, together with the trial court's reasons for the findings, must be made on the record and must be supported by clear and convincing evidence. R.C. 2929.19(B)(2)(e); R.C. 2953.08(G)(1); State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-463, State v. Edmonson (1999),86 Ohio St.3d 324.
 {¶ 32} Here, the trial court imposed one-year sentences for each offense and ran them consecutively to each other. Hinton argues that the trial court did not make the proper findings when imposing consecutive sentences. The trial court stated:
"* * * one of these crimes was committed while this defendant was awaiting trial on another case. There has been harm here that is so great to the family members, that the sisters and the female victim who was traumatized by his serious conduct; it is adequate to impose this sentencing. The criminal history also shows consecutive periods of incarceration needs to be ordered to protect the public. And not only referring to the incident of domestic violence, but particularly to the incident of the offense with the firearm.
"So, what I'm going to do is impose a term of incarceration of a year in both cases consecutively."
 {¶ 33} In imposing the sentences, the court failed to specifically make a finding that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public pursuant to R.C. 2929.14(E)(4). Thus, we must vacate the sentence and remand the case for resentencing.
 {¶ 34} Despite this result, I respectfully disagree with the majority view in this court that Apprendi, Blakely, and Booker have no application to consecutive sentences. If I were not bound by the en banc decision of this court, I would find that Apprendi, Blakely, and Booker are applicable to the Ohio statutes governing consecutive sentences.
 {¶ 35} Further, I would find portions of Ohio's consecutive sentencing statutes unconstitutional. Last, I would resolve the issue in this case utilizing the remedy outlined in the Booker decision by the U.S. Supreme Court and applying it to the applicable sentencing statutes as I outlined in my concurring and dissenting opinion in State v. Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665.
 {¶ 36} Nevertheless, because of the majority en banc decision, I am compelled to overrule the third assignment of error and reverse the trial court on the fourth assignment of error and remand the case for resentencing.
 {¶ 37} Hinton's sexual predator finding is affirmed.
 {¶ 38} Hinton's sentence is reversed and this cause is remanded for resentencing.
 {¶ 39} This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., concurs in judgment only;
 Celebrezze, Jr., J., concurs in judgment only.
[1] In accordance with my separate opinion in Lett, I believe the holdings in Apprendi, Blakely, and Booker should be applied to consecutive sentences imposed under Ohio's sentencing requirements.