OPINION
{¶ 1} This appeal is from a determination by the Court of Common Pleas of Muskingum County that Appellant was a sexual predator.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant had pled guilty to the charge of attempted rape of a three-yearold girl while she was in his care. Sentence was deferred and a pre-sentence investigation was ordered. Following a combined sexual offender classification and sentencing hearing, a review of the evidence and testimony, the trial court found there was clear and convincing evidence to establish that Appellant is a sexual predator and sentenced the Appellant to eight years in prison.
 {¶ 3} One Assignment of Error is raised:
 ASSIGNMENT OF ERROR {¶ 4} The Appellant presents the sole Assignment of Error in differing formats as follows:
 {¶ 5} Appellant's sole Assignment of Error as presented in Appellant's "Table of Contents" of his Brief:
 {¶ 6} "THE TRIAL COURT DID NOT PROPERLY ADJUDICATE DEFENDANT/APPELLANT TO BE A SEXUAL PREDATOR BASED ON THE STATUTORY CRITERIA CONTAINED IN OHIO REVISED CODE SECTION 2950.09."
 {¶ 7} Appellant's sole Assignment of Error as presented in Appellant's Brief:
 {¶ 8} "I. THE TRIAL COURT ERRED AND THEREBY DEPRIVED THE APPELLANT OF DUE PROCESS OF LAW, AS (1) THE TRIAL COURT FAILED TO FOLLOW THE MODEL PROCEDURE FOR SEXUAL OFFENDER CLASSIFICATION HEARINGS SET FORTH INSTATE V. EPPINGER (2001), 91 OHIO ST.3D 158; AND (2) THE PROSECUTION FAILED TO OFFER SUFFICIENT EVIDENCE TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT SHOULD BE DESIGNATED AS A SEXUAL PREDATOR."
 I. {¶ 9} The basis for the applied classification is contained in R.C. § 2950.09(B):
 {¶ 10} "(B)(1)(a) The judge who is to impose sentence on a person who is convicted of or pleads guilty to a sexually oriented offense that is not a registrationexempt sexually oriented offense shall conduct a hearing to determine whether the offender is a sexual predator if any of the following circumstances apply:
 {¶ 11} "(i) Regardless of when the sexually oriented offense was committed, the offender is to be sentenced on or after January 1, 1997, for a sexually oriented offense that is not a registration-exempt sexually oriented offense and that is not a sexually violent offense.
 {¶ 12} "(ii) Regardless of when the sexually oriented offense was committed, the offender is to be sentenced on or after January 1, 1997, for a sexually oriented offense that is not a registration-exempt sexually oriented offense, and either of the following applies: the sexually oriented offense is a violent sex offense and a sexually violent predator specification was not included in the indictment, count in the indictment, or information charging the violent sex offense; or the sexually oriented offense is a designated homicide, assault, or kidnapping offense and either a sexual motivation specification or a sexually violent predator specification, or both such specifications, were not included in the indictment, count in the indictment, or information charging the designated homicide, assault, or kidnapping offense.
 {¶ 13} "(iii) Regardless of when the sexually oriented offense was committed, the offender is to be sentenced on or after May 7, 2002, for a sexually oriented offense that is not a registration-exempt sexually oriented offense, and that offender was acquitted of a sexually violent predator specification that was included in the indictment, count in the indictment, or information charging the sexually oriented offense.
 {¶ 14} "(b) The judge who is to impose or has imposed an order of disposition upon a child who is adjudicated a delinquent child for committing on or after January 1, 2002, a sexually oriented offense that is not a registration-exempt sexually oriented offense shall conduct a hearing as provided in this division to determine whether the child is to be classified as a sexual predator if either of the following applies:
 {¶ 15} "(i) The judge is required by section 2152.82 or division (A) of section 2152.83 of the Revised Code to classify the child a juvenile offender registrant.
 {¶ 16} "(ii) Division (B) of section 2152.83 of the Revised Code applies regarding the child, the judge conducts a hearing under that division for the purposes described in that division, and the judge determines at that hearing that the child will be classified a juvenile offender registrant.
 {¶ 17} "(2) Regarding an offender, the judge shall conduct the hearing required by division (B)(1)(a) of this section prior to sentencing and, if the sexually oriented offense for which sentence is to be imposed is a felony and if the hearing is being conducted under division (B)(1)(a) of this section, the judge may conduct it as part of the sentencing hearing required by section 2929.19 of the Revised Code. Regarding a delinquent child, the judge may conduct the hearing required by division (B)(1)(b) of this section at the same time as, or separate from, the dispositional hearing, as specified in the applicable provision of section 2152.82 or 2152.83 of the Revised Code. The court shall give the offender or delinquent child and the prosecutor who prosecuted the offender or handled the case against the delinquent child for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender or delinquent child and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender or delinquent child is a sexual predator. The offender or delinquent child shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender or delinquent child.
 {¶ 18} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 19} "(a) The offender's or delinquent child's age;
 {¶ 20} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 21} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 22} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 23} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 24} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 25} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 26} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 27} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 28} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.
 {¶ 29} "(4) After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(3) of this section, the court shall determine by clear and convincing evidence whether the subject offender or delinquent child is a sexual predator. If the court determines that the subject offender or delinquent child is not a sexual predator, the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence or in the delinquent child's dispositional order, as appropriate, that the court has determined that the offender or delinquent child is not a sexual predator and the reason or reasons why the court determined that the subject offender or delinquent child is not a sexual predator. If the court determines by clear and convincing evidence that the subject offender or delinquent child is a sexual predator, the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence or in the delinquent child's dispositional order, as appropriate, that the court has determined that the offender or delinquent child is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. In any case in which the sexually oriented offense in question is an aggravated sexually oriented offense, the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the offender's offense is an aggravated sexually oriented offense. The offender or delinquent child and the prosecutor who prosecuted the offender or handled the case against the delinquent child for the sexually oriented offense in question may appeal as a matter of right the court's determination under this division as to whether the offender or delinquent child is, or is not, a sexual predator.
 {¶ 30} "(5) A hearing shall not be conducted under division (B) of this section regarding an offender if the sexually oriented offense in question is a sexually violent offense, if the indictment, count in the indictment, or information charging the offense also included a sexually violent predator specification, and if the offender is convicted of or pleads guilty to that sexually violent predator specification.
 {¶ 31} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or convincing as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than that which constitutes "beyond a reasonable doubt." State v. Danby (1983), 11 Ohio App.3d 38, 41, 463 N.E.2d 47, citing Cross, 161 Ohio St. at 477, 120 N.E.2d 118. State v. Gaines, Ohio App. 5 Dist., 2005, 2005-Ohio-5794.
 {¶ 32} "Revised Code 2950(B)(3) does not require that the trial court list or satisfy each of these factors in order to make a sexual predator determination. State v. Cook, 83 Ohio St.3d 404, 426, 700 N.E.2d 570,1998-Ohio-291. It simply requires that the trial court consider all factors which are relevant to its determination. Id. Although the court need not "tally up" or list all the factors in a specific fashion, some indication that the trial court considered such factors must be on the record in order for a meaningful review by the appellate court.State v. Cole, Cuyahoga App. No. 82338, 2003-Ohio-7061.
 {¶ 33} "In this case, the transcript reflects the trial court considered the statutory factors and other relevant factors.
 {¶ 34} "Trial court could consider hearsay information when making a sexual predator determination; the rules of evidence did not strictly apply to a sexual predator determination hearing. R.C. § 2950.01 et seq." State of Ohio v. Patrick Skaggs, Ohio App. 8 Dist.,2004-Ohio-4471, not reported in N.E.2d.
 {¶ 35} The court in this case in concluding that Appellant was a sexual predator found that Appellant was 39 years of age while the victim was three years of age; that the child was in Appellant's care at the time of the offense; that Appellant had seven prior felony convictions, one of which included corruption of a minor; that reports of other uncharged sexual conduct with a minor were of record; that Appellant showed no remorse.
 {¶ 36} Also, the court noted that Appellant had been incarcerated for 16 of the last 21 years.
 {¶ 37} The offense herein charged was a sexually oriented offense under the applicable statute.
 {¶ 38} The Ohio Supreme Court in State v. Thompson (2001),92 Ohio St.3d 584, discussed the statutory factors and its ruling in State v.Eppinger (2001), 91 Ohio St.3d 158 and stated:
 {¶ 39} "We find that the factors listed in R.C. 2950.09(B)(2) are guidelines that serve an important function by providing a framework to assist judges in determining whether a defendant, who committed a sexually oriented offense, is a sexual predator. These guidelines provide consistency in the reasoning process. Without such guidelines, judges would be left in uncharted waters and decisions on whether a defendant was a sexual predator could vary widely depending on a judge's own viewpoint on the issue.
 {¶ 40} "However, these guidelines do not control a judge's discretion. R.C. 2950.09(B)(2) requires a court to "consider all relevant factors including, but not limited to, all of the following [factors]." This language requires the court to "consider" the factors listed in R.C.2950.09(B)(2), but does not direct the court on what weight, if any, it must assign to each factor. Such an interpretation makes sense because determining recidivism is at best an imperfect science and while the guidelines set forth potentially relevant factors, some may not be applicable in every case. Thus, R.C. 2950.09(B)(2) does not divest a court of its fact-finding powers in assessing the relevancy of each factor. As we stated in State v. Eppinger (2001), 91 Ohio St.3d 158,166, 743 N.E.2d 881, 889, "the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." (Emphasis added.)"
 {¶ 41} We find that Judge Fleegle appropriately considered the applicable statutory factors, those matters such as the respective ages, prior felony and sexual conduct of Appellant in arriving at his determination.
 {¶ 42} We therefore reject the Assignment of Error and affirm the court's decision of sexual predator classification.
Boggins, J. Hoffman, P.J. and Farmer, J. concurs
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.