[Cite as *State v. Peal*, 2012-Ohio-6007.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97644

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SAMUEL PEAL

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535664

**BEFORE:** E. Gallagher, J., Stewart, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 20, 2012

**ATTORNEY FOR APPELLANT**

James E. Valentine
323 Lakeside Avenue
Suite 450
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Daniel A. Cleary
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} This case is an appeal from the sentence imposed in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm the decision of the trial court.

{¶2} On November 4, 2009, Peal was involved in a drug-related robbery-homicide in which one victim was killed and another was injured. A Cuyahoga County grand jury indicted Peal for aggravated murder under R.C. 2903.01(A) with a felony murder specification and one- and three-year firearm specifications; aggravated murder under R.C. 2903.01(B) with a felony murder specification and one- and three-year firearm specifications; two counts of aggravated robbery under R.C. 2911.01(A)(1) each with one- and three-year firearm specifications; aggravated robbery under R.C. 2911.01(A)(3) with one- and three-year firearm specifications; two counts of kidnapping under R.C. 2905.01(A)(2) each with one- and three-year firearm specifications and having weapons under disability under R.C. 2923.13(A)(3).

{¶3} Appellant pleaded not guilty to all charges and elected to proceed to a jury trial. On April 14, 2011, the jury returned a verdict of not guilty on the two aggravated murder counts, but was unable to reach a verdict on the remaining charges, including the lesser included offense of murder under Count 2. The trial court accepted the partial verdict and declared a mistrial on the remaining counts.

**{¶4}** Before appellant's second trial on the remaining counts began, the parties reached a plea agreement. Pursuant to the agreement, appellant pleaded guilty to one count of involuntary manslaughter under R.C. 2903.04(A), a first-degree felony, with a one-year firearm specification.

**{¶5}** On November 3, 2011, the court conducted a plea hearing and the parties agreed to proceed immediately to sentencing. The trial court heard testimony from both sides, and before pronouncing sentence stated the following:

> Mr. Peal, the court has considered all of this information, all of the purposes and principles of felony sentencing. The appropriate recidivism and seriousness factors required by law. Considering the factors appropriate for the following sentence based on things that have been put on the record here, incorporating all of the information that I learned in the trial as well.

**{¶6}** The trial court then sentenced appellant to a sentence of ten years on the involuntary manslaughter charge to be served prior to, and consecutive with, a one-year sentence on the firearm specification. Appellant timely filed his notice of appeal.

**{¶7}** Appellant's sole assignment of error states:

> The trial court abused its discretion by considering matters of which Appellant had not been convicted when sentencing Appellant.

**{¶8}** Appellant's assignment of error rests on his argument that the trial court's statement during sentencing, that it had "incorporat[ed] all of the information that I learned in the trial as well," indicates that the trial court improperly "consider[ed] an offense for which Appellant was not convicted." We disagree.

**{¶9}** We review a trial court's sentencing decisions according to the two-step process announced by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. First, we "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶ 4. Second, if the first prong of the test is satisfied, we review the sentencing decision for an abuse of discretion. *Id.* As stated in *Kalish*, an abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Id.* at ¶ 19 (internal quotation marks and citations omitted).

**{¶10}** Appellant concedes that the trial court's sentencing satisfies the first prong of our *Kalish* analysis. Under R.C. 2929.14(A)(1),[1] a first-degree felony carries a term of between three and ten years. Because involuntary manslaughter is a first-degree felony, and appellant was sentenced to ten years on that count, the sentence was not clearly and convincingly contrary to law. Therefore, our analysis focuses only on the second prong of the *Kalish* test, whether the trial court abused its discretion.

**{¶11}** As this court stated in *State v. Smith*, 8th Dist. No. 76919, 2000 Ohio App. LEXIS 3512 (Aug. 3, 2000), "it is well established that, a trial court may not impose a greater sentence upon an offender because of its belief that the offender committed a more serious offense than that for which he has been convicted." *Id.* at *3, citing

---

[1] As noted by the state during sentencing, Peal committed this offense prior to the enactment of H.B. 86, as such, he was sentenced under the prior statutory scheme.

*Columbus v. Jones*, 39 Ohio App.3d 87, 89–90, 529 N.E.2d 947 (10th Dist.1987). In *Jones*, the Tenth District Court of Appeals wrote that such a sentencing error "serves to destroy the effectiveness of the right to jury trial" by allowing the judge's personal beliefs to outweigh the opinion of the jury. *Jones* at 90.

{¶12} In *Smith*, the defendant was charged with rape but pleaded guilty to the lesser offense of attempted gross sexual imposition. During the plea colloquy, the judge stated that "[t]his Court finds it's the worst kind of its case," and after pronouncing sentence said "and that's the most I could do." *Smith* at *2. We noted that "it is not clear the trial court's misstatement [that the offense was the "worst kind of its case"] had any impact on the sentence it imposed." However, "to dispel any doubt" and because this court found an error regarding another aspect of the sentence, we remanded to the lower court. *Id.* at *3.

{¶13} In *Jones*, a jury had acquitted the defendant of operating a motor vehicle while intoxicated (OMVI) but found him guilty of driving without a valid license. The trial court ordered the defendant to attend a four-day alcohol treatment program, which "appropriately [might have been] used by a trial court as an alternative to imprisonment for first-time offenders" of the OMVI ordinance and subsequently sentenced the defendant to 180 days in jail. *Jones* at 87. The appellate court reversed and remanded because the trial court's requirement that defendant attend the treatment program "indicate[d] that the trial court was considering the OMVI charge despite the jury's not

guilty verdict" and the sentence imposed could only be "justified * * * if defendant had been found guilty of OMVI." *Id.* at 90.

{¶14} Appellant also cites this court's opinion in *Cleveland Hts. v. Seastead*, 8th Dist. No. 68875, 1995 Ohio App. LEXIS 4513 (Oct. 12, 1995). In *Seastead*, the defendant pleaded no contest to a charge of criminal trespassing and the city dismissed a charge of menacing by stalking. The trial court issued a partially suspended sentence on the condition that the defendant agree to one year of probation, not have any convictions for "any offense, specifically the offense of menacing or involving threats or harassment," obtain a "behavioral/anger management" assessment, and completing counseling sessions. *Id.* at *1. This court reversed the lower court's sentencing order because the court's reference during sentencing to "aggravating circumstances," as well as the various probation conditions imposed, "clearly related to" the dismissed menacing by stalking charge and not the criminal trespassing charge, which Seastead had actually pled guilty to. *Id.* at *2.

{¶15} We agree with the aforementioned proposition of law as stated and applied by this court in *Smith* and *Seastead* and by the Tenth District in *Jones*. However, we do not agree that the trial court's statements during sentencing in this case, or the sentence itself, constitute a similar abuse of discretion.

{¶16} The trial court's statement that it had "incorporat[ed] all of the information that I learned in the trial as well" does not indicate that the trial court based its sentence on the aggravated murder charges of which appellant had been acquitted. This

statement implies nothing more than that the trial court was fulfilling its duties under R.C. 2929.12, which requires the court to consider various "seriousness and recidivism" factors before arriving at its sentencing decision. All of these factors could require the trial court to "incorporat[e] all of the information that [it] learned in the trial" as well as information gained during the plea colloquy itself.

{¶17} Furthermore, unlike the sentences and probation conditions imposed in *Jones* and *Seastead*, there is no indication that the trial court's sentence in this case was reflective of any of the charges of which appellant had been acquitted. The record indicates no irregularities in the trial court's recital of postrelease control conditions; indeed at one point the trial court noted that "[i]f you fail to report as I told you earlier, you could possibly be punished by the Parole Authority, also indicted and punished by that Court *and that's true of any other felony, as well*." (Emphasis added.) This statement implies that the trial court's postrelease control conditions were in line with what would be imposed in any other case involving an involuntary manslaughter charge. We can find nothing in the record indicating that any aspect of the sentence was "clearly related to" the aggravated murder charges of which appellant had been acquitted.

{¶18} We find further support for our ruling in our previous opinion of *State v. Frankos*, 8th Dist. No. 78072, 2001 Ohio App. LEXIS 3712 (Aug. 23, 2001). In *Frankos*, the defendant was charged with rape but pleaded guilty to the lesser charge of aggravated assault with the rape charges being dismissed. In rejecting the argument (under *Smith* and *Jones*, as here) that the trial judge had improperly considered the rape

charge in the sentencing order, this court noted that the parties had not agreed as part of the plea bargain that the judge would not consider "either the rape charges or the violent sexual circumstances of the crime." *Id.* at *3. Therefore, "we believe[d] that the defendant received the benefit of his bargain * * *." *Id.*

{¶19} As noted above, appellant's sentence was within the statutory guidelines for first-degree felony sentences. In the absence of statements clearly indicating that the trial court was considering improper sentencing factors, we will not second guess the trial court's weighing of appropriate factors in arriving at its sentence.

{¶20} For the foregoing reasons, we find that the trial court's sentencing order was not "unreasonable, arbitrary or unconscionable" and does not constitute an abuse of discretion. We therefore affirm the judgment of the trial court.

{¶21} Peal's sole assignment of error is overruled.

{¶22} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
MARY EILEEN KILBANE, J., CONCUR