[Cite as *State v. Dari*, 2013-Ohio-4189.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99367**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KHALIL T. DARI

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-558299

**BEFORE:** Rocco, P.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** September 26, 2013

-i-

**ATTORNEY FOR APPELLANT**

Michael J. Cheselka, Jr.
Michael J. Cheselka, Jr., L.L.C.
75 Public Square
Suite 920
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   William Leland
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, P.J.:

**{¶1}** After entering guilty pleas to one count of drug trafficking and one count of having a weapon while under disability ("HWUD"), defendant-appellant Khalil Dari appeals from the 30-month sentence he received for his convictions.

**{¶2}** Dari presents two assignments of error. He asserts that the trial court considered improper information, and then failed to allow him the opportunity to counter that information, when deciding his punishment.

**{¶3}** Based upon a review of the record, however, this court cannot find that the trial court acted improperly. Dari's sentences, consequently, are affirmed.

**{¶4}** Dari originally was indicted in this case on 21 counts. He was charged with 5 counts of trafficking 1-(5 fluoropentyl)-3-(napthoyl)indole (AM2201),[1] 3 counts of trafficking Pyrovalerone,[2] 1 count of trafficking oxycodone, 1 count of trafficking hydrocodone, 1 count of trafficking Alprazolam, 3 counts of possessing 1-(5 fluoropentyl)-3-(napthoyl)indole (AM2201), 2 counts of possessing oxycodone, 1 count of possessing 5-MeO-DiPT, 1 count of possessing methylenedioxypyrovalerone

---

[1]A synthetic cannabinoid.

[2]This is a chemical component of one of the synthetic drugs commonly known as "bath salts."

(MDPV),[3] 1 count of possessing Methadone, 1 count of possessing criminal tools, and 1 count of HWUD.

{¶5} After a lengthy period of discovery, the parties notified the trial court that a plea agreement had been reached. As outlined by the prosecutor, in exchange for the state's amendment of Count 10, a charge of trafficking 1-(5 fluoropentyl)-3-(napthoyl)indole (AM2201), to lower the weight of the substance for the charge to become a third-degree felony, and dismissal of the other counts, Dari would plead guilty to the amended Count 10 and to the HWUD count. Dari's defense counsel conceded that the two counts were supported by a "factual basis."

{¶6} The trial court conducted a careful colloquy with Dari prior to accepting his pleas to those counts. The court proceeded to order the preparation of a presentence investigation report in the case. Prior to the date scheduled for sentencing, Dari's defense counsel filed a sentencing memorandum, reminding the trial court of the precise charges of which his client had been convicted, and seeking to persuade the court to impose community control sanctions on his client rather than a term in prison.

{¶7} When Dari's sentencing hearing took place, the trial court stated it had "read and digested" the presentence report it had received. The court further stated that Dari's convictions were based upon the facts that he was "selling synthetic drugs from his Sunoco gas station and had a weapon on him when he was arrested." After reciting Dari's prior criminal cases, the trial court listened to defense counsel and to Dari.

---

[3]*See* fn.1.

**{¶8}** At that point, the trial court stated as follows:

> THE COURT: Okay. Thank you, Mr. Dari. The Court has considered the seriousness and recidivism factors and the purposes and principles of our sentencing statutes. I've already outlined your prior criminal history. You sold or possessed a large amount of synthetic drugs, particularly bath salts. As a drug court judge I am on the front line of the drug epidemic that's going on in our community. And bath salts are about the worst thing that ever came around, in my opinion. They're used by people who are already addicted to substances and on court supervision to evade testing. There is — they're more dangerous and [there are] more side effects from these bath salts than from organic substances that are commonly used.

> Mr. Dari, you sold this stuff to make money without consequence to, one, its legality, nor to the effect that taking this would have on your customers. * * * This stuff kills * * * .

> * * * I see a — I'll be nice about it by saying domestic violence conviction, gun possessing and drug trafficker. On both counts I'm going to sentence you to concurrent * * * 30-month sentence with credit for time served, because a longer sentence is necessary to send a message to the public and to the — to those in the community who would sell substances like this to make a profit that this kind of behavior is not going to be looked at lightly. * * *

**{¶9}** Dari's defense attorney pointed out that his client had not pleaded guilty to a "bath salt count," but the trial court simply concluded the hearing. Dari appeals the sentence imposed by presenting two interrelated assignments of error.

**I.** The trial court erred in crafting the determination of sentence based upon Defendant-Appellant as it was procedurally unreasonable and based on clearly-erroneous facts.

**II.** The trial court erred in sentencing determination imposed upon Defendant-appellant when it failed to let the defendant address new information introduced and considered by the trial court in sentencing.

**{¶10}** Dari argues in his assignments of error that the trial court "abused its discretion" during the sentencing by first deciding to consider counts contained in the indictment of which he was not convicted, and then failing to permit him to present argument to counter the court's decision. This court cannot find that the trial court committed any error.

**{¶11}** R.C. 2953.08(G)(2) provides that appellate review of a defendant's sentence is not for an "abuse of discretion." An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court," and, in a case such as Dari's, "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for re-sentencing" only if this court "clearly and convincingly" finds that "the sentence is * * * contrary to law." *Id.*

**{¶12}** R.C. 2929.14(A)(3)(b) permits a maximum prison term of thirty-six months for a third-degree felony; therefore, Dari's concurrent sentences for his two convictions in this case fall within the statutory range. Moreover, the trial court stated it considered the purposes and principles of felony sentencing and the seriousness and recidivism factors,

and the court imposed the prison terms concurrently. R.C. 2929.11; R.C. 2929.12; R.C. 2929.13(C). Dari's total sentence thus complies with the applicable statutes.

{¶13} In addition, the record demonstrates that the trial court afforded Dari his right of allocution. As stated in *Defiance v. Cannon*, 70 Ohio App.3d 821, 592 N.E.2d 884 (3d Dist.1990):

> [T]he requirement of allocution will be fulfilled where the conduct of the court is such that the defendant and [his] counsel * * * know each has a right to make a statement prior to the imposition of sentence.

{¶14} Both Dari's counsel and Dari himself made statements in response to the trial court's invitation to do so. The trial court proceeded to sentence Dari based upon information contained in the presentence report and Dari's own criminal history. This was not, as Dari suggests, "new" information. *Compare State v. Yates*, 195 Ohio App.3d 33, 2011-Ohio-3619, 958 N.E.2d 640 (2d Dist.), ¶ 23; *State v. Castle*, 4th Dist. Lawrence No. 03CA24, 2004-Ohio-1992. Moreover, after pronouncing sentence, the trial court was not required to allow Dari to make additional comments. *See State v. Storey*, 8th Dist. Cuyahoga No. 87030, 2006-Ohio-3498, ¶ 40.

{¶15} This court has previously held that a trial court cannot "base a sentence upon a crime neither charged nor proven." *State v. Henley*, 8th Dist. Cuyahoga No. 74305, 1998 Ohio App. LEXIS 5080 (Oct.29, 1998). In addition, a trial court may not impose a greater sentence upon the defendant based on a "belief" that the defendant committed a more serious crime than that for which he was convicted. *State v. Peal*, 8th Dist. Cuyahoga No. 97644, 2012-Ohio-6007, ¶11, citing *State v. Smith*, 8th Dist. Cuyahoga No.

76919, 2000 Ohio App. LEXIS 3512 (Aug. 3, 2000). *See also State v. Gephardt*, 11th Dist. Geauga No. 94-G-1861, 1995 Ohio App. LEXIS 1893 (May 5, 1995). However, the trial court is permitted to consider the original charge when sentencing. *Peal*, at ¶18, citing *State v. Frankos*, 8th Dist. Cuyahoga No. 78072, 2001 Ohio App. LEXIS 3712 (Aug. 23, 2001).

{¶16} In *Frankos*, this court quoted the following from Griffin & Katz, *Ohio Felony Sentencing Law* Section 4.18 (2000 ed.), (footnotes and citations omitted):

> Notwithstanding that an offense has been plea bargained to a lesser offense, *presentence reports are traditionally written to contain all facts in the police file. Likewise, judges have been accustomed to sentence an offender based on the judge's perception of the true facts* even though such facts may be inconsistent with a plea bargain. For example, a robbery charge may be plea bargained to an attempted robbery. A charge of grand theft of a motor vehicle may be plea bargained to attempted grand theft of a motor vehicle. Notwithstanding the plea bargain the judge may sentence the offender *within the statutory parameters of the plea bargained offense based upon what the record shows to have been the real facts* of the offense. Thus, seriousness of the offense will generally be based upon *the judge's perception of the real facts of what occurred, and the plea bargained offense will simply set a ceiling on what the judge can impose.*

(Emphasis added.)

{¶17} When the defendant's convictions result from a plea bargain, therefore, the plea bargain "does not preclude the trial court's consideration of the underlying facts" in determining the appropriate sentence to impose. *Frankos.* That approach has been endorsed by other appellate courts. *See State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714 (2d Dist.), ¶ 17; *State v. Namack*, 7th Dist. Belmont No. 01 BA 46, 2002-Ohio-5187; *State v. Hanson*, 6th Dist. Lucas No. L-01-1217, 2002-Ohio-1522.

**{¶18}** The trial court's statements in this case indicate that it simply took into consideration the seriousness nature of the offenses to which Dari pleaded guilty. The decision to do so does not constitute impropriety. As the trial court noted, Dari was trafficking in synthetic drugs at what appeared to be a legitimate business patronized, in part, by teenagers, and, despite his previous conviction of an offense of violence, he nevertheless kept a gun at his gas station.

**{¶19}** Under the circumstances presented in this case, this court cannot find that the total sentence imposed on Dari was contrary to law. *State v. Elder*, 8th Dist. Cuyahoga No. 80677, 2002-Ohio-3797; *State v. Bateman*, 2d Dist. Champaign No. 2010CA15, 2011-Ohio-5808. His assignments of error are, accordingly, overruled.

**{¶20}** Dari's sentences are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and

MARY EILEEN KILBANE, J., CONCUR