[Cite as *State v. Clayton*, 2014-Ohio-112.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99700

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ARTHUR J. CLAYTON, III

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-564866

**BEFORE:** Blackmon, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 16, 2014

**ATTORNEY FOR APPELLANT**

John A. Powers
The Powers Law Firm, L.L.C.
700 W. St. Clair Avenue, Suite 214
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Jeffrey S. Schnatter
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Arthur Clayton, III appeals his sentence subsequent to pleading guilty and assigns the following errors for our review:

> I. The trial court erred by infusing a belief that appellant had committed other, dismissed crimes into a decision to impose a maximum sentence against appellant.

> II. The trial court erred in failing to consider the factors enumerated in O.R.C. §§ 2929.11 and 2929.12, which weighed in favor of appellant.

> III. The trial court erred in considering evidence at sentencing that "would have" been presented to a jury trial.

{¶2} Having reviewed the record and pertinent law, we affirm Clayton's sentence. The apposite facts follow.

{¶3} On July 31, 2011, the Cuyahoga County Grand Jury indicted Clayton on three counts of rape and three counts of kidnapping. Ultimately, on February 5, 2013, pursuant to a negotiated plea agreement, Clayton pleaded guilty to one count of rape and one count of gross sexual imposition. The state dismissed the remaining charges and the trial court referred Clayton to the probation department for the preparation of a presentence investigation report.

{¶4} On March 11, 2013, the trial court held a sentencing hearing and determined, among other things, that the two counts were allied offenses of similar import. As such, the state elected that the trial court sentence Clayton on the count for rape. Thereafter, the trial court sentenced Clayton to a prison term of ten years. Clayton now appeals.

**Felony Sentencing Considerations**

{¶5} For ease of discussion we begin with the second assigned error, wherein Clayton argues the trial court failed to consider factors enumerated in R.C. 2929.11 and 2929.12 that he believed weighed in his favor.

{¶6} Initially, we note Clayton does not dispute that his sentence is within the permissible statutory range. Instead, Clayton argues that the record does not indicate that he committed any prior criminal acts, that he has never been accused of any other sexually oriented offenses, and that the trial court clearly failed to consider the minimum sanctions.

{¶7} "[W]here a criminal sentence is within statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating criteria in the absence of an affirmative showing that it failed to do so." *State v. White*, 8th Dist. Cuyahoga No. 99691, 2013-Ohio-4925, quoting *State v. Taylor*, 76 Ohio App.3d 835, 839, 603 N.E.2d 401 (2d Dist.1992); *see also State v. Exline*, 8th Dist. Cuyahoga No. 87945, 2007-Ohio-272, ¶ 27.

{¶8} A review of the record reveals that the trial court imposed a sentence that was within the statutory limits. We find that Clayton has not demonstrated, nor has a review of the record disclosed, that the trial court failed to consider the sentencing criteria.

{¶9} In the instant case, the trial court's journal entry indicates that the court considered "all required factors of the law"and concluded that "prison is consistent with the purpose of R.C. 2929.11." The trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing

statutes. *See State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061, ¶ 61 citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 18. *See also State v. Wright*, 8th Dist. Cuyahoga No. 95096, 2011-Ohio-733, ¶ 4.

**{¶10}** The sentencing transcript also reveals that the trial court considered the statutory criteria set forth in R.C. 2929.11 and 2929.12 and gave full consideration to the principles and purposes of sentencing, as well as the seriousness of the offense and the risk of recidivism. The trial court considered the presentence investigation report that indicated a high risk of reoffending.

**{¶11}** In addition, the record reflects that before imposing sentence, the trial court considered Clayton's statement that he was sorry for anything "that might have happened in the past" and defense counsel's urging that the trial court consider a lower-end sentence. Further, the state informed the trial court that had the case proceeded to trial, the evidence would have shown that although the victim had not reported the rapes to the authorities until years later, she repeatedly reported it to family members and mental health professionals, but none came forward.

**{¶12}** Finally, the state read into the record a letter from the victim directed at Clayton, detailing the hurt and fear that Clayton's actions had caused her over the past 11 years. The victim indicated that Clayton's relationship with her as a "father figure" magnified the feelings of hurt and distrust. The victim urged the trial court to impose a maximum sentence, so that Clayton could reflect on the pain he had caused.

{¶13} Upon our review of the record, we find no basis to conclude that the trial court failed to consider the statutory criteria contained in R.C. 2929.11 and 2929.12, as well as any mitigating factors presented. Accordingly, we overrule the second assigned error.

## Consideration of Dismissed Charges

{¶14} Because of their common bases in law and fact, we will address the first and third assigned errors together. Within these assigned errors, Clayton argues the trial court erred, when imposing the sentence, by infusing a belief that he had committed other dismissed crimes and considered evidence that would have been presented to a jury in the event of a trial.

{¶15} The consideration of criminal conduct for which no criminal conviction has resulted may constitute error on the part of the trial court in some instances. *See State v. Longo*, 4 Ohio App.3d 136, 141, 446 N.E.2d 1145 (8th Dist.1982). *But see State v. Dari*, 8th Dist. Cuyahoga No. 99367, 2013-Ohio-4189, ¶ 17 (discussion of the ability of the trial court to consider facts and dismissed charges in the indictment when imposing a sentence that resulted from a plea bargain).

{¶16} However, "Ohio law is clear that '[u]nindicted acts or not guilty verdicts can be considered in sentencing without resulting in error when they are not the sole basis for the sentence.'"*State v. Corbett*, 8th Dist. Cuyahoga No. 99649, 2013-Ohio-4478, quoting *State v. Gray*, 8th Dist. Cuyahoga No. 91806, 2009-Ohio-4200, ¶ 13. *See also State v. Cooper*, 8th Dist. Cuyahoga No. 93308, 2010-Ohio-1983, ¶ 15 ("a defendant's uncharged

yet undisputed conduct may be considered in sentencing without resulting in error when it is not the sole basis for the sentence").

{¶17} In the instant case, Clayton argues that the trial court infused his belief of the validity of dismissed charges when it stated: "the victim was five years to seven years old. It's my understanding that there were 25 to 30 times sexual conduct with this child using your penis and your finger over a two-year period." Tr. 36. Clayton also takes issue with the prosecutor's discussion of what would have been presented if the case had gone to trial.

{¶18} However, as discussed in the previous assigned error, the trial court gave full consideration to the statutory factors outlined in R.C. 2929.11 and 2929.12. In addition, the trial court is permitted to consider the original charge when sentencing. *State v. Peal*, 8th Dist. Cuyahoga No. 97644, 2012-Ohio-6007, ¶ 18. Further, when the defendant's convictions result from a plea bargain, the plea bargain "does not preclude the trial court's consideration of the underlying facts"in determining the appropriate sentence to impose. *State v. Frankos*, 8th Dist. Cuyahoga No. 78072, 2001 Ohio App. LEXIS 3712 (Aug. 23, 2001). This approach has been endorsed by other appellate courts. *See State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 17 (2d Dist.); *State v. Namack*, 7th Dist. Belmont No. 01 BA 46, 2002-Ohio-5187; *State v. Hanson*, 6th Dist. Lucas No. L-01-1217, 2002-Ohio-1522.

{¶19} Here, the trial court's statements in this case indicate that it simply took into consideration the serious nature of the offenses to which Clayton pleaded guilty. In our

view, the decision to do so does not constitute impropriety. The record provides an adequate basis to conclude that the sentence the trial court imposed was not solely based on the unproven conduct and therefore not contrary to law. Accordingly, we overrule the first and third assigned errors.

{¶20} Judgment affirmed

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR