[Cite as *State v. Reeves*, 2014-Ohio-3497.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 100560

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DONALD R. REEVES

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-571787

**BEFORE:** McCormack, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** August 14, 2014

**ATTORNEYS FOR APPELLANT**

Robert Tobik
Cuyahoga County Public Defender

By: Jeffrey Gamso
Assistant Public Defender
310 Lakeside Ave., Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mary Weston
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Appellant, Donald R. Reeves, appeals from the judgment of the trial court that accepted his plea of guilty to felonious assault, compelling prostitution, and two counts of attempted felonious assault and sentenced him to 17 years of incarceration. After careful review of the record, we affirm the decision of the trial court.

**Procedural History**

{¶2} On February 25, 2013, Reeves was indicted on 20 counts. Counts 1 through 9 contained charges of rape, felonious assault, compelling prostitution, kidnapping, trafficking in persons, corrupting another with drugs, and intimidation of a crime victim or witness pertaining to the time period of January 22, 2013, to February 7, 2013. Counts 10 through 18 charged the same offenses that allegedly occurred from February 9, 2013, to February 13, 2013. The final two counts, felonious assault and possessing criminal tools, pertained to acts that allegedly occurred on February 13, 2013.

{¶3} On July 22, 2013, Reeves withdrew his previously entered pleas of not guilty and pleaded guilty to the following: Count 2, felonious assault in violation of R.C. 2903.11(B)(1), which is a felony of the second degree and includes a maximum possible penalty of eight years in prison; Count 3, compelling prostitution in violation of R.C. 2907.21(A)(1), which is a felony of the third degree and includes a maximum possible penalty of 36 months in prison; amended Count 17, attempted corrupting another with drugs in violation of R.C. 2925.02(A)(2), which is a felony of the third degree and includes a maximum possible penalty of 36 months in prison; and amended Count 19,

attempted felonious assault in violation of R.C. 2903.11(A)(1), which is a felony of the third degree and also includes a maximum possible penalty of 36 months in prison. Count 3 is a tier two sex offense that includes certain registration requirements. The trial court accepted Reeves's pleas and found him guilty. In exchange for the plea, the remaining Counts 1, 4 through 16, 18, and 20, were nolled. Without the plea agreement, Reeves could have received up to 127 years incarceration.

{¶4} On September 25, 2013, the trial court held a sentencing hearing, during which the court advised defense counsel that a presentence investigation report ("PSI") had been ordered and provided defense counsel an opportunity to review the report. Counsel declined, indicating that she had reviewed the report and was satisfied with its contents. The court then heard testimony from the state, the victim, Detective Joe DiGregorio, defense counsel, and Reeves.

{¶5} Thereafter, the court noted Reeves's lengthy criminal history, beginning in 1976 with grand theft, receiving stolen property, and possessing criminal tools, and continuing to the present matter. It made findings with respect to the seriousness of the crime and the likelihood of recidivism. The court found Reeves's behavior to be the worst form of the offense, and it sentenced him to the maximum of eight years incarceration on Count 2 and the maximum of 36 months incarceration on each of Counts 3, 17, and 19, to be served consecutively, for an aggregate sentence of 17 years.

**Assignments of Error**

I.   The trial court committed error when it did not, at the sentencing hearing, inquire whether Appellant's plea to felonious assault in violation of R.C. 2903.11(B)(1) was in fact knowing, intelligent, and voluntary.

II.   Appellant was denied his right to a fair sentencing proceeding and to be sentenced only on facts that were either admitted or proved beyond a reasonable doubt when the trial court imposed maximum consecutive sentences based at least in part on information regarding alleged offenses as to which Appellant was not convicted and which were, in fact, dismissed as part of his plea agreement all in violation of his rights under the Sixth and Fourteenth Amendments, Article I, Section 10 of the Ohio Constitution, and *Santobello v. New York*.

**The Guilty Plea**

{¶6}   In his first assignment of error, Reeves contends that the trial court erred when it failed to make a Crim.R. 11 inquiry at his sentencing after Reeves made a statement alluding to his innocence of the felonious assault charge contained in Count 2 of the indictment.

{¶7}  Reeves pleaded guilty to Count 2, which charged felonious assault in violation of R.C. 2903.11(B)(1).   That section defines felonious assault as follows:

No person, with knowledge that the person has tested positive as a carrier of a virus that causes acquired immunodeficiency syndrome, shall knowingly * * * [e]ngage in sexual conduct with another person without disclosing that knowledge to the other person prior to engaging in the sexual conduct.

R.C. 2903.11(B)(1).

{¶8} When the court provided Reeves the opportunity to speak before sentencing, Reeves stated as follows:

> I would like to say to the court that, yes, I did have sex with [victim] and we did use condoms each time. It was twice. I do it for 21 days and I thought she fully understood because she was giving me my HIV pills every morning, making sure that I took them that she had all of the opportunity to wear the condoms.

{¶9} Reeves did not move to withdraw his guilty plea under Crim.R. 32.1 or claim that his guilty plea was not made knowingly, intelligently, and voluntarily. Rather, he argues now on appeal that his statement at sentencing imposed upon the trial court a duty to further inquire whether he "was actually denying guilt of the offense" because Reeves, by his statement, raised the issue of whether his plea was knowing, intelligent, and voluntary. We find no merit to this argument.

{¶10} Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 5.

**{¶11}** To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C)(2) requires that a trial court determine from a colloquy with the defendant whether the defendant understands (1) the nature of the charge and maximum penalty, (2) the effect of the guilty plea, and (3) the constitutional rights waived by a guilty plea.

**{¶12}** In determining whether a defendant is making a plea with an understanding of the nature of the charge, a trial court has no obligation to advise the defendant of the elements of the crime or to specifically ask whether he or she understands the charge, provided the totality of the circumstances support the trial court's determination that the defendant understands the charge. *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 14. In fact, "[w]here a defendant indicates that he understands the nature of the charge, in the absence of evidence to the contrary or anything in the record that indicates confusion, it is typically presumed that the defendant actually understood the nature of the charge against him." *State v. Wangul*, 8th Dist. Cuyahoga No. 84698, 2005-Ohio-1175, ¶ 10. And where a defendant enters a guilty plea without asserting innocence, it is presumed that the defendant understands that he or she has admitted guilt. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 19.

**{¶13}** This court has repeatedly stated that a defendant's protestations of innocence, however, are insufficient grounds for vacating a plea that was voluntarily,

knowingly, and intelligently entered. *State v. Barrett*, 8th Dist. Cuyahoga No. 100047, 2014-Ohio-1234, ¶ 9; *Minifee* at ¶ 27; *State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, ¶ 13; *State v. Abdelhag*, 8th Dist. Cuyahoga No. 71136, 1997 Ohio App. LEXIS 3394, *10 (July 31, 1997). Moreover, when a defendant makes claims of innocence after a guilty plea has been accepted, a trial court has no duty to inquire into a defendant's reasons for pleading guilty.[1] *See State v. Auble*, 8th Dist. Cuyahoga No. 76709, 2000 Ohio App. LEXIS 3389, *8 (July 27, 2000) (finding that the defendant's protestation of innocence at the sentencing hearing did not necessitate the trial court's inquiring whether the defendant wished to withdraw his guilty plea at that moment); *State v. Cutlip*, 8th Dist. Cuyahoga No. 72419, 1998 Ohio App. LEXIS 2899, *4 (June 18, 1998) (where the defendant made claims of innocence after the plea hearing, did not object to the factual basis of the charge, and never moved to withdraw his plea, the trial court did not err in accepting the guilty plea); *State v. Darks*, 10th Dist. Franklin No. 05AP-982, 2006-Ohio-3144, ¶ 18 (because the defendant did not assert his innocence

---

[1] A guilty plea that is made contemporaneously with claims of innocence, known as an *Alford* plea, can only be accepted once the trial court has inquired into the factual basis surrounding the charges in order to determine whether the defendant was making an intelligent and voluntary guilty plea. *State v. Corbett*, 8th Dist. Cuyahoga No. 99649, 2013-Ohio-4478, ¶ 6, citing *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). *Alford* does not apply, however, where claims of innocence are made after the plea. *Id.* at ¶ 7, citing *State v. Cutlip*, 8th Dist. Cuyahoga No. 72419, 1998 Ohio App. LEXIS 2899, *4 (June 18, 1998). Reeves concedes that he did not enter an *Alford* plea.

until after he entered a guilty plea and the trial court complied with Crim.R. 11 and determined the defendant entered his guilty plea knowingly and voluntarily, the trial court did not err in accepting his guilty plea after he asserted his innocence); *State v. Gales*, 131 Ohio App.3d 56, 60, 721 N.E.2d 497 (7th Dist.1999). The trial court also has no duty to inform a defendant about the ability to file a motion to withdraw a plea under Crim.R. 32.1. *Id.*

{¶14} Here, the record indicates that trial court fully complied with Crim.R. 11. Prior to accepting Reeves's guilty plea, the trial court held a hearing and engaged in a colloquy regarding Reeves's understanding of the nature of the charges, the potential penalties, the consequences of the plea agreement, and his constitutional rights. The court ensured that Reeves was not under the influence of alcohol or drugs and that Reeves was satisfied with his counsel's representation. The court then advised Reeves of the charges, including the maximum possible penalty of each offense to which he pleaded guilty, as well as the potential maximum sentence of all the charges had he not entered into a plea agreement. The court also advised Reeves that the offenses were not allied offenses. Reeves indicated that he understood the court's explanation.

{¶15} Thereafter, the trial court advised Reeves of his constitutional rights, including the right to representation, a jury trial, the state proving its case beyond a reasonable doubt, confrontation, compulsory process, and the right to remain silent. Finally, the court advised Reeves that a plea of guilty would constitute a complete admission of the truth of the charges and that by pleading guilty, he waived the rights as

explained to him. Reeves answered that he understood the court's advisement. He entered guilty pleas to the four counts, and the court found that Reeves made a knowing, intelligent, and voluntary decision to plead. Reeves's counsel also provided that Reeves understood the charges and the potential penalties and stated that she believed the trial court had fully complied with Crim.R. 11 and Reeves's plea was entered knowingly, voluntarily, and intelligently.

{¶16} The record is devoid of any indication of confusion, hesitation, or protestations of innocence by Reeves during the plea hearing.

{¶17} Based upon the above, we find that Reeves did, in fact, knowingly, voluntarily, and intelligently enter a guilty plea to the charge of felonious assault in violation of R.C. 2903.11(B)(1), as well as the other three charges. Moreover, Reeves did not make any claim of innocence until his sentencing, approximately two months after the plea hearing; he never objected to the factual basis of the charges; and he never moved to withdraw his guilty plea. The trial court was therefore not obligated to inquire further into Reeves's guilty plea.

{¶18} Reeves's first assignment of error is overruled.

**The Sentencing**

{¶19} In his second assignment of error, Reeves contends that the trial court imposed a maximum sentence based upon consideration of dismissed charges in violation of his constitutional rights to a fair sentencing proceeding. Specifically, Reeves claims that the trial court erred when it heard statements from the victim, the prosecutor, and the

investigating detective concerning the dismissed charges of rape, kidnapping, intimidation of a witness, and human trafficking, and it considered such statements when it imposed the 17-year sentence.

{¶20} At the sentencing hearing, the prosecutor provided the trial court with background information and pressed upon the seriousness of Reeves's actions in preying upon the vulnerable victim, who was a heroin addict. The prosecutor advised the court about Reeves's course of conduct, which included intimidation, physical abuse, threats to her life and the life of her family, drugs, and locks on the bedroom doors. She also stated that Reeves would have sex with the victim without her consent when he became angry with her. The prosecutor indicated that she had other witnesses who would have testified at trial concerning the kidnapping charges. She submitted photographs purportedly of the victim's injuries. The prosecutor informed the court that the case was originally investigated as a human trafficking case and that is why Detective DiGregorio, a detective with the Federal Bureau of Investigation task force, was involved. The prosecutor explained to the court that the human trafficking charges in Reeves's case were dismissed as part of his plea agreement.

{¶21} Detective DiGregorio advised the court of the "nightmare situation" in Reeves's home and stated that "this is one of the worst crimes that I have seen against a human being." He asked the court to sentence Reeves "appropriately for his crimes that he committed."

{¶22} The trial court also provided the victim an opportunity to speak. The victim told the court that Reeves "knew he was, in fact, HIV positive when he continuously raped and performed oral sex on me without protection." She also stated that every morning she was "locked in [Reeves's] room." Finally, the victim described some of the physical abuse Reeves allegedly inflicted upon her, and she explained that she was afraid of Reeves.

{¶23} Reeves's counsel spoke on Reeves's behalf, refuting the various allegations made by the prosecutor and the victim, and offering contradictory evidence of the charges. Reeves provided his own statement to the court, claiming that he thought the victim "fully understood" that he was HIV positive, ensuring that he take his medication daily. Reeves also denied threatening or harming the victim, with the exception of "kicking at her."

{¶24} Prior to imposing sentence, the trial court stated that the purposes and principles of felony sentencing are to protect the public and punish the offender. The court then independently determined that Reeves's crimes were not allied offenses; it explained to Reeves the sex offense registration duties necessitated by Count 3, compelling prostitution; it reviewed Reeves's extensive criminal history that began in 1976 and continued to the present matter; and it made the requisite seriousness and recidivism findings.

{¶25} In addressing the seriousness factors, the court stated as follows:

[T]he victim in this matter suffered serious physical and psychological harm, that the injury was exacerbated by the victim's physical condition,

given the fact that she was a strung-out heroin addict, as well as her young age, [and] the defendant's relationship with the victim facilitated this offense. The court does not find that any of the less serious factors in this matter apply.

**{¶26}** In addressing the likelihood of recidivism, the court found as follows:

[Reeves] does have a history of criminal convictions and * * * he has not responded favorably to sanctions previously imposed by the court, [in] Ohio as well as [in] California, and the court finds that there is really no genuine remorse that is coming from the defendant with regard[s] to his allocution. The court finds that the less-likely factors with regard to recidivism do not apply in this matter.

**{¶27}** The trial court then found Reeves's behavior to be the worst form of the offense and sentenced him to the maximum prison term on each count, to be served consecutively, for an aggregate of 17 years incarceration.

**{¶28}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. It may consider "any factors that are relevant to achieve the purposes and principles of sentencing and any factors that are relevant to determine the seriousness of the offender's conduct and whether the offender is likely to commit future crimes." *State v. Lewis*, 8th Dist. Cuyahoga No. 99395, 2013-Ohio-4593, ¶ 21; R.C. 2929.11 and 2929.12. Providing that the court considered the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12, it has full discretion to impose any term of imprisonment within the statutory range. *Hodges*.

**{¶29}** At a sentencing hearing, the offender, the prosecuting attorney, the victim or the victim's representative, and any other person with the court's approval may present information relevant to the imposition of the sentence in a case. R.C. 2929.19(A). Before imposing the sentence, the trial court must consider the information presented by such persons, along with the record and any PSI or victim impact statement. R.C. 2929.19(B).

**{¶30}** The trial court may not impose a sentence based upon a "'crime neither charged nor proven.'" *State v. Dari*, 8th Dist. Cuyahoga No. 99367, 2013-Ohio-4189, ¶ 15, quoting *State v. Henley*, 8th Dist. Cuyahoga No. 74305, 1998 Ohio App. LEXIS 5080 (Oct. 29, 1998). Nor may a court impose a greater sentence upon a defendant based upon the court's belief that the defendant committed a more serious crime than the charges for which he was convicted. *State v. Peal*, 8th Dist. Cuyahoga No. 97644, 2012-Ohio-6007, ¶ 11, citing *State v. Smith*, 8th Dist. Cuyahoga No. 76919, 2000 Ohio App. LEXIS 3512, *7 (Aug. 3, 2000); *Cleveland Hts. v. Seastead*, 8th Dist. Cuyahoga No. 68875, 1995 Ohio App. LEXIS 4513 (Oct. 12, 1995).

**{¶31}** However, the trial court is permitted to consider the original charge when sentencing. *Peal* at ¶ 18. When the defendant's convictions result from a plea agreement, that agreement does not preclude the trial court's consideration of the underlying facts of the case in determining the appropriate sentence to impose. *State v. Frankos*, 8th Dist. Cuyahoga No. 78072, 2001 Ohio App. LEXIS 3712, *7 (Aug. 23, 2001); *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 18. "'[T]he

seriousness of the offense will generally be based upon the judge's perception of the real facts of what occurred, and the plea bargained offense will simply set a ceiling on what the judge can impose.'"    (Footnotes and citations omitted.)  *Frankos* at *6, quoting Griffin & Katz, *Ohio Felony Sentencing Law,* at 450-451 (2000 Ed.).

{¶32} Additionally, the court may consider prior arrests, prior unindicted acts, and not guilty verdicts before imposing a sentence.  *See Corbett*, 8th Dist. Cuyahoga No. 99649, 2013-Ohio 4478, at ¶ 24 (consideration in sentencing of unindicted acts and not guilty verdicts are proper when they are not the sole basis for the sentence); *Lewis*, 8th Dist. Cuyahoga No. 99395, 2013-Ohio-4593, at ¶ 23 (just as the trial court may consider prior arrests, it may also consider prior uncharged acts in sentencing).  In finding it well-established that a sentencing court may weigh factors such as arrests for other crimes, this court concluded that

> "the function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant * * *."

*State v. Hinton*, 8th Dist. Cuyahoga No. 84582, 2005-Ohio-3427, ¶ 12, quoting *United States v. Doyle*, 348 F.2d 715, 721 (2d Cir.1965).

{¶33} At the sentencing hearing in this case, the trial court relied on what each party placed on the record, including the testimony of the victim, the initial investigating detective, and that of the defendant himself, as well as the PSI, the facts of the case, and

Reeves's prior criminal history. The court also considered the principles and purposes of felony sentencing and other relevant sentencing factors under R.C. 2929.11 and 2929.12, including the fact that Reeves used his relationship with a vulnerable victim to facilitate the offense, he has expressed no remorse, and he has not responded favorably to court-imposed sanctions in the past. All of this information was relevant and proper for the court's consideration during sentencing in order to understand Reeves's character and history. *See Hinton, supra*.

{¶34} Further, Reeves's convictions resulted from a plea agreement. Because there was no agreement by the parties that the trial court should not consider the dismissed charges, and because trial courts routinely consider these matters in sentencing, the court's consideration of the underlying facts in this case was proper. In receiving 17 years incarceration on the four counts to which he pleaded guilty as part of the plea agreement, rather than the possible 127 years incarceration without the plea agreement, Reeves received the benefit of the bargain. *See Frankos*, 8th Dist. Cuyahoga No. 78072, 2001 Ohio App. LEXIS 3712, at *7.

{¶35} Finally, there is no indication in the record that the trial court's sentence was reflective of any improper sentencing factors. There are no statements clearly indicating that the dismissed charges were the sole basis for the sentence, and Reeves's sentence was within the statutory parameters.

{¶36} In light of the above, we find that the record supports the conclusion that the trial court considered the relevant sentencing factors before imposing sentence, and the

sentence was not solely based on unproven conduct. The sentence is therefore not contrary to law. *See Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112.

**{¶37}** Reeves's second assignment of error is overruled.

**{¶38}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR