[Cite as *State v. Smith*, 2014-Ohio-5553.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101387

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MARIO D. SMITH**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-582143-A

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 18, 2014

**ATTORNEY FOR APPELLANT**

Michael Webster
800 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Edward R. Fadel
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} After entering guilty pleas to one count of heroin possession and one count of possession of criminal tools, defendant-appellant Mario D. Smith appeals from the sentences imposed.

{¶2} Smith presents one assignment of error. He claims that the trial court considered an offense for which he was not convicted in determining that he deserved a total prison term of twelve months for committing fifth-degree felony offenses. After a careful review of the record, this court disagrees. Consequently, Smith's sentences are affirmed.

{¶3} Smith was indicted in this case on three counts, charged with trafficking in and possession of heroin in an amount less than one gram, and possession of criminal tools. Each of the counts contained forfeiture specifications.

{¶4} The parties eventually notified the trial court that a plea agreement had been reached, whereby, in exchange for the state's dismissal of the trafficking charge, Smith would plead guilty to the other two counts. The trial court conducted a careful and thorough Crim.R. 11(C) hearing before accepting Smith's pleas. The court then dismissed the trafficking count and ordered the preparation of a presentence report.

{¶5} When the trial court called Smith's case for sentencing, the court stated that Smith entered guilty pleas "in Count 2 to drug possession," and in "Count 3, possession of criminal tools," both fifth-degree felonies. The court further stated that it had reviewed the presentence report.

{¶6} The trial court then asked Smith's attorney if he, too, had reviewed the report. Defense counsel answered affirmatively and informed the court that he had "no substitutions or

deletions to add" to the report. Defense counsel argued that Smith had not been "using" drugs since his arrest, and that Smith had "enrolled in Recovery Resources in intensive outpatient treatment trying to get help for his problem"; therefore, "community control sanctions would be appropriate" for his client.

{¶7} In response, the prosecutor pointed out that Smith had been on postrelease control at the time of his arrest on the charges in this case. The prosecutor also noted that, according to the presentence report, Smith had been at the location where he was arrested "to sell heroin."

{¶8} The trial court proceeded to read aloud that portion of the presentence report for purposes of the record. Defense counsel requested that the trial court note that drug trafficking "was not something that [Smith] was convicted of."

{¶9} The trial court at that point conversed with Smith at length about the circumstances surrounding his presence at the scene of his arrest. Smith's account of his activity was less than credible. The trial court also asked if Smith could provide the drug assessment done by Recovery Resources, but Smith could not.

{¶10} In pronouncing sentence, the trial court stated that it had considered the information provided, the principles and purposes of felony sentencing, and the recidivism and seriousness factors. The court commented that Smith did not "sound like" an addict, that this case had "all the markings * * * that [Smith was] there to sell heroin," and that the court "just [didn't] believe" Smith's account. The court sentenced Smith to concurrent prison terms of twelve months on each count.

{¶11} Smith presents the following assignment of error for this court's review.

> I. The trial court erred by imposing sentence based on its belief that Appellant was guilty of a charge for which he was not convicted.

**{¶12}** Smith argues that his sentences are infirm because the trial court's comments demonstrate that the court based the sentences solely on the charge that had been dismissed. This court disagrees with Smith's characterization of the trial court's comments. *State v. Peal*, 8th Dist. Cuyahoga No. 97644, 2012-Ohio-6007, ¶ 15.

**{¶13}** It is generally held that a trial court may not impose a sentence based upon a "'crime neither charged nor proven.'" *State v. Dari*, 8th Dist. Cuyahoga No. 99367, 2013-Ohio-4189, ¶ 15, quoting *State v. Henley*, 8th Dist. Cuyahoga No. 74305, 1998 Ohio App. LEXIS 5080 (Oct. 29, 1998). In addition, it has been held that a trial court may not impose a greater sentence upon a defendant based upon the court's belief that the defendant committed a more serious crime than the charges for which he was convicted. *Peal*, at ¶ 11, citing *State v. Smith,* 8th Dist. Cuyahoga No. 76919, 2000 Ohio App. LEXIS 3512, (Aug. 3, 2000); *see also Cleveland Hts. v. Seastead*, 8th Dist. Cuyahoga No. 68875, 1995 Ohio App. LEXIS 4513 (Oct. 12, 1995).

**{¶14}** The trial court is, however, required to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12 when fashioning a sentence. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. In so doing, the court may review "any factors that are relevant." *State v. Lewis*, 8th Dist. Cuyahoga No. 99395, 2013-Ohio-4593, ¶ 21. R.C. 2929.19 further requires the trial court to consider relevant information presented by the prosecutor, defense counsel, and the defendant, along with the record and the presentence report. As long as the trial court considered the applicable statutes, factors, and information, the court has full discretion to impose any term of imprisonment within the statutory range. *Hodges*.

**{¶15}** When the defendant's convictions result from a plea agreement, therefore, that agreement does not preclude the trial court's consideration of the underlying facts of the case in determining the appropriate sentence to impose. *State v. Frankos*, 8th Dist. Cuyahoga No. 78072, 2001 Ohio App. LEXIS 3712 (Aug. 23, 2001); *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 18. Thus, the trial court is permitted to consider the original charge when sentencing. *Peal* at ¶ 18.

> "[T]he seriousness of the offense will generally be based upon the judge's perception of the *real* facts of what occurred, and the plea bargained offense will simply set a *ceiling* on what the judge can impose."

*Frankos*, quoting Griffin & Katz, *Ohio Felony Sentencing Law*, at 450-451 (2000 Ed.). (Emphasis added; footnotes and citations omitted.)

**{¶16}** Additionally, the trial court may consider the defendant's criminal history; this includes prior "arrests." *State v. Reeves*, 8th Dist. Cuyahoga No. 100560, 2014-Ohio-3497, ¶ 32. In *State v. Hinton*, 8th Dist. Cuyahoga No. 84582, 2005-Ohio-3427, ¶ 12, this court observed that

> the function of the sentencing court is *to acquire a thorough grasp of the character* and history *of the defendant* before it. The court's consideration *ought* to encompass negative as well as favorable data.

(Emphasis added.)

**{¶17}** At Smith's sentencing hearing, the record reflects the trial court relied on required statutory considerations, relevant information, and the circumstances underlying Smith's case. The trial court's statements do not reflect that the dismissed charge was "the sole basis for the sentence." *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 19. Rather, the

statements indicate only that the court believed Smith was lying to it. *Reeves*, at ¶ 35. Moreover, concurrent terms of twelve months were within the statutory parameters. *Id.*

**{¶18}** Under the circumstances presented in this case, therefore, this court cannot find that Smith's sentences are either unsupported by the record or contrary to law. *State v. Dari*, 8th Dist. Cuyahoga No. 99367, 2013-Ohio-4189, ¶ 19; R.C. 2953.08(G)(2). Smith's assignment of error, accordingly, is overruled.

**{¶19}** Smith's sentences are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR